No. 10,956.

SNIDER v. TOWN OF PLATTEVILLE.

Decided June 9, 1924.

Eminent domain proceeding. Judgment for petitioner.

*Affirmed.*

1. EMINENT DOMAIN—*Necessity for Taking.* In an action by a municipal corporation to condemn land for highway purposes, the necessity for the taking is a question to be determined by the municipal authorities.

2. APPEAL AND ERROR—*Questions First Raised on Review.* Ordinarily points brought to the attention of the court for the first time in the reply brief, will not be noticed, but when

raised in reply to the answer brief of defendant in error, the court may consider such questions.

3.  EMINENT DOMAIN—*Damages—Jury or Commission.* Under the Colorado Constitution and statutes defendant in an eminent domain proceeding is not entitled to have his damages assessed twice, first by a commission, and then by a jury. Where a jury trial is allowed, it is in lieu of an assessment of damages by a commission.

*Error to the District Court of Weld County, Hon. Neil F. Graham, Judge.*

Mr. HENRY HOWARD, for plaintiff in error.

Mr. THOMAS A. NIXON, for defendant in error.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, delivered the opinion of the court.

THIS is a proceeding which was instituted in the district court of Weld county by the town of Platteville to condemn a strip of land for highway purposes. The petitioner is a municipal corporation. The proceedings were taken under the eminent domain act. Damages were assessed by a jury, and there was a judgment for petitioner. David Snider, one of the respondent land owners, brings the cause here for review.

Error is assigned to the court's omission to appoint commissioners to determine the necessity for the taking. This assignment is not urged by plaintiff in error. It is conceded that the question of necessity was one for the determination by the town authorities. *Lavell v. Julesburg,* 49 Colo. 290, 112 Pac. 774.

Other assignments of error relate to the court's omission or failure to appoint commissioners to assess damages. In his opening brief, counsel for plaintiff in error relies upon section 9080, C. L. 1921, which provides that the court "shall appoint" commissioners, and upon section 9082, C. L. 1921, which provides that the commissioners shall "fix and determine the fair and actual cash market value of all property proposed to be taken." These sections apply only

to such cities as are described in section 9076, C. L. 1921, being cities of the first or second class, or cities and counties organized under a special charter, or created by the Constitution. The petitioner is not a municipal corporation of any of such classes. It is an incorporated town having a population of less than 2,000 inhabitants.

Sections 9080 and 9082, above mentioned, as well as sections 9083 to 9091, inclusive, C. L. 1921, cited by plaintiff in error, are parts of an act passed in 1911, being chapter 129, S. L. 1911, p. 373, an act entitled : "An Act in relation to the condemnation of private property by right of eminent domain in all cities of the first or second class, and in all cities, or cities and counties organized under a special charter or created by the Constitution of the state of Colorado or amendment thereto, and repealing all previous acts in relation thereto in conflict therewith."

The body of the act, section 1 thereof, corresponds to such title. The petitioner, the town of Platteville, is an incorporated town, and does not come either within the title or the provisions of the body of the act.

In his reply brief, plaintiff in error for the first time depends on the provisions of the eminent domain act, apart from the act of 1911. Ordinarily, points raised for the first time in a reply brief will not be considered. *Neikirk v. Boulder National Bank,* 53 Colo. 350, 127 Pac. 137. However, we may consider such argument in the instant case for the reason that it is made in reply to the answer brief of defendant in error.

Section 15, article 2, of the state Constitution provides that compensation for private property taken for public or private use shall be ascertained by commissioners *or* by a jury. The eminent domain statute is to the same effect. Section 6311, C. L. 1921. In the instant case, the respondent, plaintiff in error here, in his answer to the petition, demanded a jury to ascertain the value of the property taken. He asked for, and was given, a jury. He was not entitled to have the damages assessed twice, first by a commission and then by a jury. Where a jury trial is allowed,

it is in lieu of, and not in addition to, the assessment of damages by a commission.   There was no error in the court's proceeding to trial with a jury, without a previous appointment of commissioners.

The judgment is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.