**No. 28267**

**Roy Howell v. Woodlin School District R-104, Dwane Gilbert, Dean Davis, Myrna Bacon, Marshall Frasier, Gerald Schreiber, Florence Halley, and Tom Porter, individually and as Directors of said District, and Dale Trim, Robert Griese, Homer E. Hill, Ted Hicks, Iris Riley, Ivan Adkins and Lee Ruark, Individually and as former Directors of said District**

(596 P.2d 56)

Decided June 11, 1979.                              Rehearing denied July 2, 1979.

Hobbs & Waldbaum, P.C., Larry F. Hobbs, Douglas B. Koff, Stephen E. Uslan, for plaintiff-appellee.

Yegge, Hall & Evans, James C. Perrill, Carol M. Welch, Edward L. Zorn, for defendants-appellants.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The Woodlin School District (hereinafter Woodlin), did not renew the contract of Howell, a tenured teacher, pursuant to the portion of the Teachers' Employment, Dismissal and Tenure Act which permits cancellations when justifiable decreases in the number of teaching positions have occurred. The district court ruled that section 22-63-112(3), C.R.S. 1973, under which Woodlin acted, is unconstitutional because it does not provide for a hearing or other procedural safeguards. Woodlin appealed. We affirm.

Woodlin had employed Howell as a fifth and sixth grade teacher for six years at the time they sent him a letter on March 19, 1974, informing him that his teaching services would not be required for the 1974-75 school year. The letter explained that the combining of grades five and six due to reduced student enrollment and the fact that other tenured teachers had more seniority than Howell were the reasons that his contract would not be renewed. Woodlin's action was taken pursuant to section 22-63-112(3), C.R.S. 1973 which provides:

"A board may cancel an employment contract with a teacher on continuous tenure without penalty to the school district when there is a justifiable decrease in the number of teaching positions. When a justifiable reduction

in the number of teaching positions within a particular endorsement area occurs, the contracts of nontenure teachers who are occupying such positions shall be cancelled first."

Immediately thereafter, Howell applied for a position as a high school teacher of humanities. The school board determined that he was not qualified for any available positions at the secondary level. Howell testified that he then requested a hearing at which the school board could review his case, but that his request went unacknowledged. The superintendent, testifying for the school board, claimed that he did not recall such a request.

Howell then filed a complaint against Woodlin. He sought a declaratory judgment concerning the applicability of the Teachers' Employment, Dismissal, and Tenure Act of 1967 (hereinafter the Act), including a ruling that his termination without a hearing deprived him of property without due process as guaranteed by the *Colo. Const.* Art. II, § 25.

At the conclusion of the presentation of evidence, Howell moved for a directed verdict on two grounds: that Woodlin had never taken proper action to cancel his contract and that notice and a hearing had not been provided. The district court ruled that Woodlin had taken proper action to cancel his contract, but that section 22-63-112(3), C.R.S. 1973, was unconstitutional because it authorized deprivation of Howell's property right in his job without affording due process safeguards. Woodlin has appealed only the latter ruling.

When asked to elect, Howell requested equitable remedies rather than damages. The district court therefore dismissed the jury and ordered that Howell be reinstated and given back pay less whatever income he had earned.

After Howell's complaint had been filed, but prior to trial, a position for fifth and sixth grade teacher became available. Howell and his family then were living with his father in Englewood, Colorado where they had moved. When Howell was interviewed for the job, he was asked to consider his willingness to relocate to Woodlin and to respond within several days. Howell testified, however, that he responded immediately that he was prepared to relocate to Woodlin. This was disputed.

I.

The first issue on appeal is whether the question of the constitutionality of section 22-63-112(3), C.R.S. 1973 was raised properly. Howell in his complaint did not challenge the constitutionality of section 22-63-112(3), C.R.S. 1973. Rather, he contended that Woodlin had failed to afford him the procedural safeguards mandated in section 22-63-117, C.R.S. 1973. The district court ruled correctly that the latter provision applies only to dismissals, not to nonrenewals of contracts due to decreased enrollment. Then it declared section 22-63-112(3), C.R.S. 1973 unconstitutional since it permitted nonrenewals without providing for any hearing or other form of review.

■ Woodlin maintains that it is improper for a court to address the constitutionality of a statute unless the issue has been raised explicitly by the parties. *Haufbrau v. Board of County Commissioners,* 145 Colo. 522, 359 P.2d 659 (1961). Woodlin correctly states the general rule. However, we have noted before that the rule is not inflexible and that, when the constitutionality of a statute is implicitly involved in the determination of a case, the court may address the issue on its own motion. *Mountain States Telephone & Telegraph Co. v. Animas Mosquito Control District,* 152 Colo. 73, 380 P.2d 560 (1963); *Golden v. Schaul,* 105 Colo. 158, 95 P.2d 806 (1939).

■ Here, the constitutionality of the statute which does not provide for a hearing is involved in the resolution of Howell's claim that he was entitled to a hearing. The conclusion regarding constitutionality follows directly from a determination of whether Howell had a property right meriting due process protections. Only by determining the constitutionality of the statute could the district court determine whether and what relief would be proper.

## II.

The second issue on appeal is whether section 13-51-115, C.R.S. 1973 and C.R.C.P. 57(j) provide grounds for vacating the judgment below. Woodlin maintains that the provisions require anyone asserting the unconstitutionality of a statute to notify the Attorney General and that there should be a new trial in which the Attorney General could appear.

The statute reads:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration . . . and if the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard." Section 13-51-115, C.R.S. 1973.

C.R.C.P. 57(j) contains identical provisions.

■ When the plaintiff's complaint alleges that a statute, franchise or ordinance is unconstitutional, the Attorney General must be notified. *Lakewood Pawnbrokers, Inc. v. City of Lakewood,* 182 Colo. 315, 512 P.2d 1241 (1973); *Meier v. Schooley,* 147 Colo. 244, 363 P.2d 653 (1961). Here, the complaint made no allegation of unconstitutionality. As explained above, the question of the unconstitutionality of section 22-63-112, C.R.S. 1973 arose only after the district court interpreted the provisions of the Act applying to dismissals.

■ The statute and rule mandating notice to the Attorney General when allegations of unconstitutionality are made do not address the instant situation where the question of constitutionality arises for the first time during the course of trial. Although it may have been preferable for the district court to have joined the Attorney General before rendering its

decision, the statute and rule do not require that the court do so. Neither the statute nor rule require vacating the district court's decision under these circumstances.

## III.

Having considered Woodlin's procedural objections, we now address the more substantive arguments. Woodlin maintains that for various reasons explained below, Howell was not entitled to a hearing. One argument is based upon the principle that an interest in continued employment is a legally protected property interest only when there is a reasonable and objective expectancy of continued employment. Woodlin contends that no such expectancy is reasonable in view of section 22-63-112, C.R.S. 1973 which, in Woodlin's view, conditions a teacher's continued employment upon "efficiency and good behavior and continuous employment":

"Except as otherwise provided in subsection (2) of this section, any teacher employed as a teacher in the same school district, including the time prior to and after July 1, 1967, continuously and without interruption for three full academic years, who is thereafter reemployed for the fourth academic year immediately succeeding in such school district has tenure as a teacher in such school district, without further action on the part of the board or the teacher, during efficiency and good behavior and continuous employment."

In the first place, the statute addresses the conditions of continued tenure and thus, the expectancies of those who had tenure, but who have been inefficient or behaved improperly or who had not been employed continuously. It does not address Howell's situation since he had been continuously employed until the time that he received notice that his contract would not be renewed, with no questions as to his efficiency and good behavior.

Secondly, a grant of tenure by its nature engenders a reasonable and objective expectancy of continued employment. This is true despite the fact that the General Assembly has provided that a grant of tenure does not guarantee continued employment under all circumstances.

Woodlin maintains that, even if Howell had a constitutionally protected interest in continued employment, no hearing was necessary since no factual issues existed regarding his status or conduct since he was the least tenured teacher at the school and the statute justifies dismissal when enrollment decreases. *Mitchell v. King,* 537 F.2d 385 (10th Cir. 1976); *Adams v. Walker,* 492 F.2d 1003 (7th Cir. 1974). In this connection, Woodlin claims that fewer due process protections are required when failure to rehire results from a reduction in teaching positions rather than a dismissal based upon charges of inefficiency or misconduct. *Klein v. Board of Higher Education of the City of New York,* 434 F. Supp. 1113 (S.D.N.Y. 1977); *Browzin v. Catholic University of America,* 527 F.2d 843 (D.C. 1975); *Johnson v. Board of Regents of the University*

*of Wisconsin System,* 377 F. Supp. 227 (W.D. Wis. 1974), *aff'd.* 510 F.2d 975 (7th Cir. 1975).

The latter proposition is generally correct. However, both *Johnson* and *Klein, supra,* establish that even when fiscal exigencies are the apparent reason for a layoff, the tenured teacher whose expectations of continued employment have been disappointed, has a right to a hearing in which the teacher may show that the purported reasons for the layoff were not the actual ones or that the layoff was effected in an arbitrary or unreasonable fashion.

Similarly, Howell was entitled to a hearing on questions of reasonableness and preference. In addition, since the statute requires that the contracts of nontenured teachers should be cancelled before those of tenured teachers, there were factual determinations to be reviewed at a hearing including whether Howell was qualified to fill positions held by nontenured teachers and whether teachers could have been assigned different courses so as to allow Howell's retention. Regarding such issues, due process requires that Howell not be forced to submit to *ex parte* determinations affecting his continued enjoyment of a constitutionally protected property right.

We therefore hold section 22-63-112(3), C.R.S. 1973 unconstitutional when applied without granting a hearing at which questions as to reasonableness and preference, as well as factual issues, may be determined.

## IV.

The final issue is whether the trial court ordered the proper remedy, *viz.,* reinstatement with back pay less income. Woodlin argues that it was inappropriate for the district court to order it to rehire a teacher for whom there was no need.

Reinstatement has been upheld as a proper remedy in Colorado where teachers have been dismissed improperly after a hearing. *Nordstrom v. Hansford,* 164 Colo. 398, 435 P.2d 397 (1967). The same remedy is appropriate where the dismissal or cancellation is wrongful due to a failure to provide procedural safeguards. Since the cancellation was unlawful, the contract should be reinstated. *School District No. Fifty of Adams County v. Witthaus,* 30 Colo. App. 41, 490 P.2d 315 (1971); *University of Alaska v. Chauvin,* 521 P.2d 1234 (Alaska 1974); *Barthuli v. Board of Trustees of Jefferson Elementary School District,* 139 Cal. Rptr. 627, 566 P.2d 261 (1977); *Thayer v. Anacortes School District,* 81 Wash. 2d 709, 504 P.2d 1130 (1972).

Woodlin also contends that Howell should be barred from any recovery under the doctrine of avoidable consequences. Woodlin claims that since Howell failed to respond within several days of his interview regarding the position which became available after his complaint had been filed, he failed to make reasonable efforts to mitigate his damages.

Howell testified that rather than leaving the matter for future determination, he had responded immediately at the interview that he was ready and willing to accept the position.

Woodlin raised this issue briefly and for the first time in its motion for a new trial. The district court made no specific finding of fact, but its conclusion that Woodlin's argument was not supported by the evidence is implicit in the denial of the motion. A review of the record indicates the district court did not abuse its discretion or rule contrary to the evidence, and we therefore reject Woodlin's argument regarding mitigation.

We affirm the district court on the ground that the statute was unconstitutional as applied since no hearing was provided.

MR. JUSTICE ROVIRA dissents.