Carol FREY, Petitioner,

v.

ADAMS COUNTY SCHOOL DISTRICT NO. 14 and Board of Education of Adams County School District No. 14, Respondents.

No. 89SC234.

Supreme Court of Colorado,
En Banc.

Jan. 14, 1991.

Rehearing Denied Feb. 4, 1991.

George C. Price, P.C., George C. Price, Douglas J. McGinty, Craig H. Russell, Donald K. Gallagher, Denver, for petitioner.

Hall & Evans, Alan Epstein, Thomas N. Alfrey, Kathleen G. Lanterman, Denver, for respondents.

Justice LOHR delivered the Opinion of the Court.

This case presents issues concerning the procedure for review of a decision of a school board to terminate the employment of a tenure teacher because of the expiration of her teacher's certificate. The Board of Education of Adams County School District No. 14 (school board) terminated the employment of Carol Frey, a tenure teach-

er, without a hearing because her teacher's certificate had expired. Frey appealed to the Colorado Court of Appeals, which dismissed the appeal for lack of jurisdiction. *Frey v. Adams County School Dist. No. 14,* 771 P.2d 27 (Colo.App.1989). We agree that the court of appeals lacked jurisdiction to review the school board's action and therefore affirm the judgment dismissing the appeal.

## I.

Carol Frey was a tenure teacher who had been employed by the Adams County School District for approximately ten years.[1] Her teacher's certificate expired early in May of 1987. The school board terminated her employment by action taken at a regular meeting on May 12, 1987. Frey was notified by a letter from a school district official dated May 14, 1987, stating in relevant part:

> Per Board of Education action on May 12, 1987, you are hereby notified that your employment with Adams County School District 14 has been terminated effective May 3, 1987, due to failure to properly certify. Also, as a result of this action and Colorado statute both your tenure and/or probationary status as a certificated employee are forfeited.

Although Frey requested a hearing, the school board denied the request. Frey then sought review of her dismissal in the Colorado Court of Appeals pursuant to section 22–63–117(11), 9 C.R.S. (1988), part of the Teacher Employment, Dismissal, and Tenure Act of 1967, §§ 22–63–101 to –118, 9 C.R.S. (1988) (the Act).[2] The court of appeals held that section 22–63–117(11) applies only to school board orders for the

dismissal of a "teacher" and that under the definition of "teacher" set forth in section 22–63–102(9), 9 C.R.S. (1988), Frey ceased to hold that status when her teacher's certificate expired. Accordingly, the court of appeals concluded that it lacked jurisdiction to review the school board's order terminating Frey's employment. Although we do not agree with the court of appeals' analysis, we determine for other reasons that the court of appeals lacked jurisdiction to entertain Frey's appeal.

## II.

A person who is employed as a teacher in the same school district for three full academic years and who is thereafter re-employed in that school district for the next academic year acquires tenure as a teacher in that district. § 22–63–112, 9 C.R.S. (1988); *see* § 22–63–102, 9 C.R.S. (1988) (defining "tenure teacher" as "any teacher who has acquired tenure status in a school district pursuant to law").

Section 22–63–116, 9 C.R.S. (1988), prescribes the grounds for dismissal of a tenure teacher,[3] as follows:

> The grounds for dismissal of a tenure teacher shall be physical or mental disability, incompetency, neglect of duty, immorality, conviction of a felony or the acceptance of a guilty plea or a plea of nolo contendere to a felony, insubordination, or other good and just cause. No tenure teacher shall be dismissed for temporary illness, leave of absence previously approved by the board, or military leave of absence pursuant to article 3 of title 28, C.R.S.

---

1. The record consists only of copies of the minutes of the meeting of the school board at which the resolution terminating Frey's employment was adopted and a letter from a school official to Frey notifying her of the school board's action. The other facts are derived from the briefs of the parties and the record in the court of appeals. They appear to be undisputed and are set forth to give context to the controversy.

2. In 1990 the Teacher Employment, Dismissal, and Tenure Act of 1967 was repealed and reenacted with substantial changes as the Teacher Employment, Compensation, and Dismissal Act

of 1990. *See* §§ 22–63–101 to –403, 9 C.R.S. (1990 Supp.). The 1990 Act is not applicable to Frey's termination of May 1987.

3. The only other grounds for dismissal of a tenure teacher, not applicable here, are set forth in § 22–63–112(3) and § 22–63–117(13)(a). § 22–63–112(3) relates to cancellation of an employment contract based on a justifiable decrease in the number of teaching positions. § 22–63–117(13)(a) relates to convictions for violation of laws concerning unlawful sexual behavior and illegal sale of controlled substances.

The procedure for dismissal of a tenure teacher is set forth in section 22–63–117, 9 C.R.S. (1988).[4] Charges must be proffered by the chief executive officer of the school district or any member of the board of education and accepted for review by the board. § 22–63–117(2). The teacher must be given notice of the charges, specified information concerning the evidence supporting them, and notice of the right to a hearing. § 22–63–117(3). Upon timely request by the teacher, a hearing must be conducted before an administrative law judge. § 22–63–117(5), (6), (7). A record and transcript must be made of the hearing. § 22–63–117(8). The administrative law judge must make written findings of fact and recommend that the teacher be dismissed or retained. *Id.* A copy of the findings and recommendation must be furnished to the teacher. *Id.* Notice must be given to the teacher of the time and place of the meeting at which the board of education will consider the findings and recommendation. § 22–63–117(9). At such meeting the board of education must review the findings and recommendation and enter its written order dismissing the teacher, retaining the teacher or placing the teacher on a one-year probation. § 22–63–117(10).

The procedure by which a teacher may obtain appellate review of the action of the board of education is governed by statute. Section 13–4–102(2)(*l*), 6A C.R.S. (1987), provides that the Colorado Court of Appeals shall have initial jurisdiction to "[r]eview decisions of the board of education proceedings for the dismissal of a teacher, as provided in section 22–63–117, C.R.S."[5] Section 22–63–117(11) provides:

The teacher may file an action for review in the court of appeals by appropriate proceedings under section 24–4–106(11), C.R.S., in which action the board of education of the employing school district shall be made the party defendant. Such review shall be on the record made before the administrative law judge and the board.

Section 24–4–106(11), 10A C.R.S. (1988), is part of the State Administrative Procedure Act and prescribes the procedures for prosecuting such an appeal and the standard of review to be applied.

It is undisputed that Frey was a tenure teacher before the expiration of her teacher's certificate. It is also undisputed that Frey was not accorded a hearing before her dismissal by the school board. The issue is whether the procedures prescribed in section 22–63–117 for dismissal of tenure teachers and appellate review of such dismissals are applicable to her circumstances.

### A.

■ The school board contends, and the court of appeals held, that Frey is not entitled to review of her dismissal by filing an action in the court of appeals under section 22–63–117(11) because that section applies only to the dismissal of tenure "teachers" and Frey lost her status as a teacher when her certificate expired. This position is based upon the definition of "teacher" in section 22–63–102(9) of the Act, which provides:

"Teacher" means any person *who is regularly certified* by the teacher certifying authority for the state of Colorado, and who is employed to instruct, direct, or supervise the instructional program, except those persons holding letters of authorization and the chief administrative officer of any school district.

(Emphasis added.)[6]

We believe that the school board's position is based on too narrow a reading of the

4. The issue of the propriety of dismissal of a tenure teacher for expiration of a teacher's certificate arises only as to persons whose certificates expire during the term of a contract, for section 22–63–103 prohibits a school district from entering into a contract with a person not holding a teacher's certificate.

5. § 13–4–102(2)(*l*) was amended in 1990 to reflect the changes in the Teacher Employment, Dismissal, and Tenure Act, but still provides for review by the court of appeals. *See* § 13–4–102(2)(*l*), 6A C.R.S. (1990 Supp.).

6. The 1990 act defines "teacher" to mean "any person *who holds a teacher's certificate* . . . and who is employed to instruct, direct, or supervise the instructional program. 'Teacher' does not include those persons holding letters of authorization and the chief administrative officer of

relevant provisions of the Act and is not consistent with the constitutional protections accorded to tenure teachers.[7] As Frey points out, if the statute is to be read literally, a board of education could deprive a person of status as a teacher by terminating that person's employment, because the definition in § 22–63–102(9) describes a teacher as one *"who is employed* to instruct, direct, or supervise the instructional program."* (Emphasis added.) Such a fundamentally unfair result could not have been intended by the legislature. *See* § 2–4–201(1)(c), 1B C.R.S. (1980) (it is presumed that legislature intended just and reasonable result). This serves to illustrate that an unbendingly literal reading of the definitional sections of the Act does not supply the key to legislative intent. We look instead to the overall legislative plan with respect to teacher certification and termination of employment of tenure teachers to determine whether a hearing is required in order to terminate the employment of a tenure teacher whose teacher's certificate has expired. *See, e.g., Martinez v. Continental Enterprises*, 730 P.2d 308, 315 (Colo.1986) ("statute is to be construed as a whole to give consistent, harmonious and sensible effect to all its parts").

Teacher certification is required in Colorado in order to provide quality education in the schools of the state and, among other reasons, to safeguard the welfare of children "against unqualified, incompetent and immoral teachers." § 22–60–102, 9 C.R.S. (1988). The procedure for obtaining and maintaining certification is set forth in the Teacher Certification Act of 1975, §§ 22–60–101 to –117, 9 C.R.S. (1988 and

1990 Supp.). Various types of certificates are issued depending upon the educational background and teaching experience of the applicant. *See* § 22–60–104, 9 C.R.S. (1988 and 1990 Supp.). Teacher's certificates are issued for a specified term and expire if not renewed. § 22–60–104(7). Renewal requires, in part, evidence of completion of certain educational credits. § 22–60–107, 9 C.R.S. (1988). A board of education may not enter into a contract with a person as a teacher, with exceptions not applicable here, unless such person holds or is entitled to hold a teacher's certificate or letter of authorization.[8] § 22–63–103, 9 C.R.S. (1988). A teacher must hold a valid certificate or letter of authorization at all times while employed by a school district and forfeits all claim to compensation out of school district moneys for services performed during a time when such authorization was lacking. § 22–63–104, 9 C.R.S. (1988).

In order to acquire status as a "teacher" under the definition in § 22–63–102(9), it is necessary that a person become certified. *Milan v. Aims Junior College Dist.*, 623 P.2d 65, 67 (Colo. App.1980). The only explicit statutorily imposed sanction for loss of certification during a contract of employment is loss of the right to compensation. § 22–63–104, 9 C.R.S. (1988). Nothing in the statutes suggests that expiration of a teacher's certificate held by a person employed as a tenure teacher automatically results in loss of right to employment.

With limited exceptions not applicable here,[9] a tenure teacher has the right to

---

any school district." § 22–63–103(11), 9 C.R.S. (1990 Supp.) (emphasis added).

7. A sentence in § 22–63–115, 9 C.R.S. (1988), suggests that the term "tenure teacher" is sometimes used to describe a person who has acquired tenure but has lost her teacher's certificate:

(1) A tenure teacher shall not be subject to an annual appointment during continuous service, but he shall be entitled to a position of employment as a teacher in the school district where tenure was acquired and while possessing a valid Colorado teacher's certificate, until he has attained the age of seventy

years or has been dismissed pursuant to this article....

8. A letter of authorization may be issued by the department of education to a person not qualified for certification if such person is an expert who will teach in an area of specialization, an intern supervised by a certified teacher, or in case of a shortage of certified teachers. § 22–60–105, 9 C.R.S. (1988).

9. A tenure teacher may be dismissed without a hearing in two specific circumstances set forth in § 22–63–117(13)(a), which provides:

The board of education of a school district may take immediate action to dismiss a ten-

a hearing before the sanction of dismissal can be imposed. § 22–63–117(1), (3). The Act comprehensively enumerates the reasons for dismissal of a teacher who has acquired tenure. § 22–63–116, 9 C.R.S. (1988). This indicates intent to limit the bases for dismissal. *See In re Marriage of Van Inwegen,* 757 P.2d 1118, 1120 (Colo. App.1988) ("When a statute specifies a particular application in a specific instance, it is ordinarily to be construed as excluding from its operation all other situations not specified."); *Meyer v. Charnes,* 705 P.2d 979, 982 (Colo.App.1985) ("where a statute specifies particular situations in which it is to apply, the statute is ordinarily to be construed as excluding from its operation all other situations not specified."). The Act does not specifically list loss of certification as a ground for dismissal of a tenure teacher. In view of the central importance of certification to the statutory scheme, however, we believe that the term "other good and just cause" in section 22–63–116 is sufficiently encompassing to include issues surrounding the expiration of a teacher's certificate, thereby requiring that the procedure prescribed in section 22–63–117 be followed before a tenure teacher can be dismissed for loss of certification.[10]

■ Our determination that the statutes must be construed to require a hearing before the employment of a person who has once acquired status as a tenure teacher can be terminated also finds support in constitutional principles. A tenure teacher has a property right in continued employ-

ment. *Howell v. Woodlin School Dist. R–104,* 198 Colo. 40, 45–46, 596 P.2d 56, 60 (1979); *accord Slochower v. Board of Educ.,* 350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 692 (1956); *see also de Koevend v. Board of Educ. of West End School,* 688 P.2d 219, 227–28 (Colo.1984) (irregular procedures violated tenure teacher's "due process right to a fair and impartial determination by the board."); *cf. Board of Regents v. Roth,* 408 U.S. 564, 576–78, 92 S.Ct. 2701, 2708–10, 33 L.Ed.2d 548 (1972) (teacher without tenure and without contractual right to renewal of employment has no protectible interest in reemployment). The state cannot deprive a person of such a right without due process. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985); *Howell,* 198 Colo. at 45–46, 596 P.2d at 60.

In *Howell* we held that "a grant of tenure by its nature engenders a reasonable and objective expectancy of continued employment ... despite the fact that the General Assembly has provided that a grant of tenure does not guarantee continued employment under all circumstances." *Howell,* 198 Colo. at 45, 596 P.2d at 60; *see* § 22–63–115, 9 C.R.S. (1988) (tenure teacher is entitled to position of employment as a teacher in school district where tenure acquired and while possessing valid teacher's certificate until achieving retirement age or being dismissed pursuant to law). Therefore, in *Howell,* even though the statute provided for the cancellation of an employment contract with a tenure teacher

ure teacher, without a hearing, notwithstanding subsections (2) to (12) of this section, pending the final outcome of judicial review or when the time for seeking review has elapsed, when the tenure teacher is found guilty of or upon the court's acceptance of a guilty plea or a plea of nolo contendere in any of the following circumstances:

(I) A violation of any law of this state or any municipality of this state involving unlawful sexual behavior pursuant to part 4 of article 3 of title 18, C.R.S.;

(II) A violation of any law of this state, any municipality of this state, or the United States involving the illegal sale of controlled substances, as defined in section 12–22–303(7), C.R.S.

**10.** The Act provides one other set of circumstances supporting the termination of employ-

ment of a tenure teacher. § 22–63–112(3) explains:

A board may cancel an employment contract with a teacher on continuous tenure without penalty to the school district when there is a justifiable decrease in the number of teaching positions. When a justifiable reduction in the number of teaching positions within a particular endorsement area occurs, the contracts of nontenure teachers who are occupying such positions shall be canceled first.

In *Howell v. Woodlin School Dist. R–104,* 198 Colo. 40, 596 P.2d 56 (1979), we held that in absence of a hearing this statute cannot be applied consistent with the constitutional requirement of due process.

"when there is a justifiable decrease in the number of teaching positions," § 22–63–112(3), the teacher was still entitled to a hearing on questions of reasonableness and preference. *Howell,* 198 Colo. at 46, 596 P.2d at 60; *see also Loudermill,* 470 U.S. at 541, 105 S.Ct. at 1493 (" '[w]hile the legislature may elect not to confer a property interest in [public] employment, it may not constitutionally authorize the deprivation of such an interest, once conferred, without appropriate procedural safeguards.' ") (quoting Powell, J., concurring, in *Arnett v. Kennedy,* 416 U.S. 134, 167, 94 S.Ct. 1633, 1650, 40 L.Ed.2d 15 (1974) (brackets in *Loudermill* )); *Board of Educ. of Taos Mun. Schools v. Singleton,* 103 N.M. 722, 727, 712 P.2d 1384, 1389 (App.1985) (tenured teacher does not lose right to notice and a dismissal hearing with loss of certification), *cert. denied,* 103 N.M. 740, 713 P.2d 556 (1986); *Lynch v. Nyquist,* 41 A.D.2d 363, 343 N.Y.S.2d 179, 182 (1973) ("Certification requirements, however, may not be employed to erode the protections afforded tenured teachers, since the tenure statutes provide the exclusive method for dismissal for those teachers.").

Even where termination is for expiration of a teacher's certificate, factual inquiries are necessary to determine, among other things, if the certificate has, in fact, expired, and whether such expiration constitutes "good and just cause."[11] In *Howell* we said:

> [S]ince the statute requires that the contracts of nontenured teachers should be cancelled before those of tenured teachers, there were factual determinations to be reviewed at a hearing including whether Howell was qualified to fill positions held by nontenured teachers and whether teachers could have been as-

signed different courses so as to allow Howell's retention. Regarding such issues, due process requires that Howell not be forced to submit to *ex parte* determinations affecting his continued enjoyment of a constitutionally protected property right.

198 Colo. at 46, 596 P.2d at 60. Where the governmental action threatens deprivation of a significant property interest "[a]dministrative agencies have the obligation, as do the courts, to be fundamentally fair to the individual in the resolution of [the] legal dispute." *de Koevend,* 688 P.2d at 227.

**B.**

■ The question remains whether section 22–63–117(11) authorizes review in the court of appeals when a tenure teacher is discharged without a hearing contrary to the requirements of section 22–63–117. Section 22–63–117(11), 9 C.R.S. (1988), provides:

> The teacher may file an action for review in the court of appeals by appropriate proceedings under section 24–4–106(11), C.R.S., in which action the board of education of the employing school district shall be made the party defendant. Such review shall be on the record made before the administrative law judge and the board.

Section 22–63–117(11) assumes that proceedings were conducted under section 22–63–117 leading to a hearing before an administrative law judge and ensuing school board action unfavorable to the teacher. Only then can there be a review "on the record made before the administrative law judge and the board." § 22–63–117(11). In such a review the appellate court will have a record to which it can apply the standard of review of agency action set forth in § 24–4–106(7).[12] In absence of

---

**11.** We do not address the scope of the inquiry necessary to determine whether expiration of a teacher's certificate constitutes "good and just cause" for dismissal of a tenure teacher.

**12.** § 24–4–106(7) provides:

> If the court finds no error, it shall affirm the agency action. If it finds that the agency action is arbitrary or capricious, a denial of statutory right, contrary to constitutional

right, power, privilege, or immunity, in excess of statutory jurisdiction, authority, purposes, or limitations, not in accord with the procedures or procedural limitations of this article or as otherwise required by law, an abuse or clearly unwarranted exercise of discretion, based upon findings of fact that are clearly erroneous on the whole record, unsupported by substantial evidence when the record is considered as a whole, or otherwise contrary

such a record, the court of appeals would be unable to perform the review contemplated by § 22–63–117(11). We therefore conclude that § 22–63–117(11) does not provide the procedure for review of a school board's failure to hold a hearing before dismissal of a tenure teacher.

### C.

 Inability to obtain review under § 22–63–117(11) of a dismissal ordered without compliance with the procedures prescribed by § 22–63–117 does not leave an adversely affected teacher without a remedy. A school board must comply with that statute in order to dismiss a tenure teacher. In the absence of proceedings under § 22–63–117 that produce a record suitable for review, an aggrieved tenure teacher may bring an action in district court under C.R.C.P. 106 to obtain relief for discharge under circumstances not in compliance with § 22–63–117. *See generally de Koevend*, 688 P.2d at 228–30 (discussing remedy for permitting school superintendent and principal, but not the teacher, to be present during the board of education review of the findings and recommendation of the administrative law judge).

### D.

Our decision today is consistent with the decision of the Colorado Court of Appeals in *Snyder v. Jefferson County School Dist. No. 1*, 707 P.2d 1049 (Colo.App.1985). In that case, a tenure teacher was discharged by a letter from a school administrator because she was unable to produce a valid teacher's certificate. The board of education had not ordered the dismissal. The teacher sought review under section 22–63–117(11) and filed a motion in the court of appeals to remand the case to the board of education for a hearing under section 22–63–117. The court of appeals held that "[a]bsent an order by the board [of education], there is not a final order, and [the court of appeals] lacks jurisdiction to review any administrative actions which have occurred." *Snyder*, 707 P.2d at 1050. The court noted that an aggrieved teacher has a remedy under C.R.C.P. 106 in the district court for refusal of the school board to take final action.

In *Talbot v. School Dist. No. 1, Denver*, 700 P.2d 919 (Colo.App.1984), the employment of a tenure teacher was terminated by order of the school board because the teacher had been absent from his duties without permission. No proceedings were conducted under section 22–63–117. The teacher sought relief in district court, which dismissed the action on the basis that jurisdiction to review the school board's order was in the court of appeals under section 22–63–117(11). The court of appeals affirmed, holding that "[i]n reviewing the school board's actions under the Act, the court [of appeals] is to consider both the procedures used and those omitted." *Talbot*, 700 P.2d at 920. We overrule this holding based upon our conclusion that review by the court of appeals under section 22–63–117(11) is predicated upon a final order of the school board resulting from proceedings conducted under section 22–63–117.

### III.

We affirm the judgment of the court of appeals dismissing the action for review filed by the petitioner, Carol Frey, under section 22–63–117(11) of the Teacher Employment, Dismissal and Tenure Act of 1967.

VOLLACK and MULLARKEY, JJ., do not participate.

---

to law, then the court shall hold unlawful and set aside the agency action and shall restrain the enforcement of the order or rule under review, compel any agency action to be taken which has been unlawfully withheld or unduly delayed, remand the case for further proceedings, and afford such other relief as may be appropriate. In making the foregoing determinations, the court shall review the whole record or such portions thereof as may be cited by any party. In all cases under review, the court shall determine all questions of law and interpret the statutory and constitutional provisions involved and shall apply such interpretation to the facts duly found or established.