Michelle SNYDER, Appellant,

v.

**JEFFERSON COUNTY SCHOOL DISTRICT R-1 and The Board of Education of Jefferson County School District R-1, Appellees.**

No. 89CA116.

Colorado Court of Appeals,
Div. III.

May 23, 1991.

Rehearing Denied July 25, 1991.

Certiorari Granted Jan. 13, 1992.

Cross-Petition for Certiorari Denied
(Jefferson County School Dist.)
Jan. 13, 1992.

Hornbein MacDonald Fattor and Hobbs, P.C., Larry F. Hobbs, Susan J. Tyburski, Rita Byrnes Kittle, Denver, for appellant.

Caplan and Earnest, Gerald A. Caplan, Alexander Halpern, Alan J. Canner, Boulder, for appellees.

Opinion by Judge PLANK.

Michelle Snyder seeks review of the final order of the Board of Education of Jefferson County School District R–1 (the Board) dismissing her from her position as a tenured teacher with the school district pursuant to the Teacher Employment, Dismissal, and Tenure Act of 1967, § 22–63–101, et seq., C.R.S. (1988 Repl.Vol. 9) (the Tenure Act). Following our resolution of her appeal in an unpublished opinion announced March 29, 1990, our supreme court granted a petition for writ of certiorari, and, by its order of February 11, 1991, 805 P.2d 443, the court vacated the judgment entered by this court and remanded the case to this court for reconsideration in light of *Frey v. Adams County School District No. 14*, 804 P.2d 851 (Colo.1991). On that remand, we now affirm the Board's order as to Snyder's dismissal, but we reverse and remand as to back pay.

I.

*Frey* is dispositive of the jurisdictional issue arising in this appeal. Under *Frey*, notwithstanding the lapse in her teaching certification from 1983 to 1985, Snyder remained a tenured teacher with the school district until her dismissal in 1988 following proceedings conducted under the Tenure Act. Thus, Snyder was entitled to all of the substantive and procedural protections of the Tenure Act in connection with the proceedings for her dismissal, including the right to seek judicial review in this court of the final order of the Board dismissing her following the Tenure Act proceedings here. *See* § 22–63–117(11), C.R.S. (1988 Repl.Vol. 9).

II.

Contrary to Snyder's argument, we conclude, under the circumstances here, that the Board's ultimate finding that the lapse in her teaching certification constituted "other good and just cause" warranting her dismissal is fully supported by the record and by the law.

Although the Tenure Act does not specifically list loss of certification as a ground for the dismissal of a tenured teacher, the *Frey* court held that, in view of the central importance of certification to the statutory scheme, the expiration of a teacher's certificate may constitute grounds for the dismissal of a tenured teacher under the Tenure Act provision permitting dismissal for "other good and just cause." *See* § 22–63–116, C.R.S. (1988 Repl.Vol. 9).

Here, the Board accepted the findings of evidentiary fact made by the Administrative Law Judge (ALJ) in the Tenure Act proceedings, and the Board expressly relied upon these evidentiary findings in reaching its ultimate findings. The ALJ's findings included that Snyder's teacher's certificate had expired on December 30, 1983, and that her teaching certification was not renewed until January 14, 1985. The ALJ also found that Snyder was not on authorized medical leave in the fall of 1984 following the school district's denial of her request for such leave, and that Snyder was ordered to report to a teaching position being held for her in the school district on October 9, 1984, but that she failed to do so.

In view of Snyder's failure to hold a valid and current teacher's certificate in 1984 at a time when she was ordered to report to a teaching position with the school district, we conclude that the Board's ultimate finding that the lapse in her teaching certifica-

tion constituted "other good and just cause" for disciplinary action against her is fully warranted by the ALJ's evidentiary findings and has a reasonable basis in law. *See Frey, supra; Blaine v. Moffat County School District RE No. 1,* 748 P.2d 1280 (Colo.1988). Thus, this finding will not be disturbed on review.

■ In addition, we cannot say that the Board abused its broad discretion in ordering Snyder's dismissal as the appropriate disciplinary sanction to be imposed for this conduct. *See Blaine, supra.* Here, although the ALJ found that termination for loss of certification is a "rare occurrence" in the school district, it is not unprecedented; rather, the ALJ found that such terminations had also occurred in the school district twice before in the preceding five years.

The ALJ's evidentiary findings also indicate that the school district repeatedly warned Snyder of the impending expiration of her certification and of her need for recertification, including a warning following her failure to report to her October 1984 teaching assignment that she would be terminated for lack of certification if she failed to produce evidence of recertification by November 1984. Snyder, however, did not do so, and she took the necessary steps to renew her certification only after the school district had initiated action to terminate her employment in November 1984.

We also note that dismissal is a sanction expressly authorized under the Tenure Act for the disciplinary ground of "other good and just cause" found to have been established here by the Board. Sections 22–63–116 & 22–63–117(10), C.R.S. (1988 Repl.Vol. 9). Under these circumstances, we perceive no abuse of discretion in the Board's selection of the disciplinary sanction of dismissal. *See Blaine, supra.*

In light of the preceding discussion, we need not address the arguments in connection with the Board's alternative grounds for dismissal of incompetency and insubordination.

### III.

We also reject Snyder's argument that the Board erred procedurally in its review of the ALJ's ruling by deliberating in executive session for only 15 minutes and by allowing its attorney to be present during its private deliberations.

■ A school board's actions in Tenure Act proceedings must reflect both the fact and the appearance of fairness and impartiality. *deKoevend v. Board of Education,* 688 P.2d 219 (Colo.1984); *Weissman v. Board of Education,* 190 Colo. 414, 547 P.2d 1267 (1976).

■ However, the Board's actions are entitled to a presumption of regularity, including the presumption that its decision to dismiss Snyder was impartial and based on the evidence in the record. *See Harvey v. Jefferson County School District No. R–1,* 710 P.2d 1103 (Colo.1985).

Although these presumptions are rebuttable, the record in this case falls far short of defeating these presumptions. Contrary to Snyder's argument, the record here is not sufficient to establish that her dismissal was the result of prejudgment by the Board or any other impropriety.

■ Here, although the Board met in executive session for 15 minutes, it heard lengthy oral arguments from the attorneys representing both the school district and Snyder prior to its deliberations, and its order of dismissal is expressly based on the ALJ's evidentiary findings. In addition, the attorney for the Board who was present during its deliberations had not participated in the prosecution of the case against Snyder before the ALJ, and the attorney who prosecuted the case for the school district did not participate in the Board's deliberative session. The attorney for the Board and the prosecuting attorney were not members of the same law firm.

Under these circumstances, we decline to hold that, as a matter of law, the Board committed reversible error by deliberating in executive session for only 15 minutes, and we perceive no impropriety in the presence of the Board's attorney at the Board's deliberations in this case. Rather, absent any evidence to the contrary, we must presume that the Board's decision to dismiss Snyder was impartially rendered and was based solely on the evidence in the record. *See Harvey, supra.*

## IV.

Snyder also contends that, even if her dismissal is upheld on review, she is entitled to an award of back pay under the Tenure Act from January 14, 1985, through September 30, 1988. We agree with this contention.

Section 22–63–117(3), C.R.S. (1988 Repl. Vol. 9) provides, in pertinent part, that:

"A tenure teacher shall continue to receive regular compensation from the time such teacher is suspended until a decision is rendered by the board of education pursuant to this subsection (3) or subsection (10) of this section; except that in no event shall compensation continue beyond one hundred twenty days after charges have been accepted by the board for review."

This language leaves no room for discretion by the Board as to when Snyder's pay was to be discontinued. Regardless of the reasons for the delay in the commencement of the proceedings under the Tenure Act for Snyder's dismissal, § 22–63–117(3) unambiguously provides that a tenured teacher who is the object of a dismissal proceeding must be paid his or her salary *for 120 days after the charges have been accepted by the Board for review,* unless the Board renders its final decision under the Tenure Act earlier. *See Harvey, supra; Lockhart v. Board of Education,* 735 P.2d 913 (Colo. App.1986). Thus, despite the two-year lapse in her certification, Snyder remained a tenured teacher with the school district until her dismissal in the 1988 Tenure Act proceedings, she was entitled to be paid her regular salary until 120 days after the Board accepted the Tenure Act charges for review. *See Frey, supra.*

Here, the Board accepted the charges for Snyder's dismissal under the Tenure Act for review on June 2, 1988. Since the Board's final order of dismissal was issued on December 15, 1988, Snyder was entitled under § 22–63–117(3) to be paid her regular salary until September 30, 1988, 120 days after June 2.

We also note that Snyder seeks back pay only for the period of time commencing on January 14, 1985, the date her teaching certification was renewed. *See* § 22–63–104, C.R.S. (1988 Repl.Vol. 9) (prohibiting the payment of teachers from school district moneys during any time when the teacher lacks the requisite certification). Thus, the matter must be remanded to the Board for a determination of the amount of back pay to which Snyder is entitled under the Tenure Act from January 14, 1985, through September 30, 1988. *See Harvey, supra; Lockhart, supra.*

Accordingly, the Board's order as to Snyder's dismissal is affirmed, but the order in regard to her back pay is reversed, and the cause is remanded to the Board with directions to determine and to award Snyder the amount of back pay to which she is entitled under the Tenure Act.

STERNBERG and MARQUEZ, JJ., concur.