**SCHOOL DISTRICT NO. 1, CITY AND COUNTY OF DENVER,**
Petitioner–Appellee,

v.

**Sherdyne CORNISH, Respondent–Appellant.**

**No. 01CA2043.**

Colorado Court of Appeals,
Div. IV.

May 9, 2002.

Certiorari Denied Nov. 18, 2002.

Semple, Miller & Mooney, P.C., Patrick B. Mooney, Wendy J. Shea, Denver, Colorado, for Petitioner–Appellee.

Jonathan L. Miller, Boulder, Colorado, for Respondent–Appellant.

Opinion by Judge TAUBMAN.

Respondent, Sherdyne Cornish, appeals the order of petitioner, School District No. 1 in the City and County of Denver (Board), terminating her employment as a nonprobationary teacher pursuant to the Teacher Employment, Compensation, and Dismissal Act of 1990 (Act), § 22–63–101, et seq., C.R.S. 2001. We affirm.

In March 2001, the superintendent of the Denver school district filed with the Board written charges against Cornish recommending that she be dismissed from her employment as a mathematics teacher at Thomas Jefferson High School (TJHS) for neglect of duty, insubordination, and other just and good cause.

Cornish requested an evidentiary hearing before an impartial hearing officer. After a five-day hearing, the hearing officer issued a thorough opinion, concluding that the school district had met its burden to prove that Cornish's performance was deficient as charged and recommending that she be dismissed.

Specifically, the hearing officer concluded that Cornish was insubordinate because she refused to teach the approved mathematics curriculum; refused to distribute, to all of her students, the textbook designated by the TJHS administration; and refused to comply with a request to provide lesson plans to the TJHS principal.

The hearing officer further found that Cornish neglected her duties by failing to teach the approved math curriculum and distribute

the textbooks and by allowing her teaching license to lapse for a period of almost four months.

Finally, he found other just and good cause for her dismissal in that Cornish knew she did not have a valid teaching license, conducted classes without holding a valid license, and failed to inform the TJHS administration that her teaching license had not been renewed.

The hearing officer rejected Cornish's assertions that the traditional math curriculum and textbooks were outdated and did not provide standards-based instruction and that the information she supplied to the principal complied with the request for lesson plans.

In October 2001, the Board endorsed the hearing officer's findings and recommendations and adopted a resolution dismissing Cornish. This appeal followed.

### I. Standard of Review

■ Initially, we note that the Board contends that the record, for purposes of our review, consists only of the hearing officer's findings and recommendations. Cornish did not address the standard of review in her opening brief. We agree with the Board's contention.

The Act's provisions govern our review. Under the Act, a teacher may be dismissed for any of various grounds, including neglect of duty, insubordination, or other good and just cause. Section 22–63–301, C.R.S.2001. The Act provides that a school district's chief administrative officer must file a written recommendation for dismissal with the Board, based upon one or more of the grounds specified in § 22–63–301. Section 22–63–302(2), C.R.S.2001. A teacher who has been the subject of a superintendent's recommendation of dismissal may request a hearing before an impartial hearing officer. Section 22–63–302(3), C.R.S.2001. The hearing officer is charged by the statute with hearing evidence, reviewing exhibits, and making written findings of fact. The hearing officer is to recommend to the Board that the teacher either be retained or dismissed. Section 22–63–302(8), C.R.S.2001. The Board must then review the hearing officer's findings of

fact and recommendation and enter its own order either to retain the teacher, place the teacher on a one-year probation, or dismiss the teacher. Section 22–63–302(9), C.R.S. 2001.

A teacher dissatisfied with the Board's decision may appeal to this court pursuant to § 22–63–302(10), C.R.S.2001. This court reviews the record before the hearing officer to determine whether the action of the Board was arbitrary, capricious, or legally impermissible. Section 22–63–302(10)(d), C.R.S. 2001; *Adams County Sch. Dist. No. 50 v. Heimer,* 919 P.2d 786, 792 (Colo.1996).

■ Furthermore, on appellate review, when neither party questions whether the hearing officer's findings were supported by substantial evidence, the record is limited to those findings plus the hearing officer's recommendation. In that event, "the focus of the court of appeals must shift to a determination of whether the board's decision is arbitrary, capricious, or legally impermissible in light of the hearing officer's findings of fact." *Adams County Sch. Dist. No. 50 v. Heimer, supra,* 919 P.2d at 794.

■ Finally, we note that school boards have primary responsibility for the hiring and firing of teachers in their school districts. While a board's decisions are subject to judicial review, a reviewing court may not freely substitute its judgment for that of a board concerning the harm inflicted on the school community by a teacher's conduct. *Bd. of Educ. v. Flaming,* 938 P.2d 151, 158 (Colo. 1997); *see also Adams County Sch. Dist. No. 50 v. Heimer, supra,* 919 P.2d at 794 (noting courts are ill-equipped to make factual findings based on a cold record, and the legislative intent of providing an impartial hearing for teachers would be undermined if an appellate court were free to substitute its own findings for those of the hearing officer).

Here, Cornish did not assert in her opening brief that the hearing officer's findings were not supported by substantial evidence. Her challenge to the adequacy of the findings in her reply brief was made too late. *See People v. Czemerynski,* 786 P.2d 1100 (Colo.1990)(issues not raised in an appellant's opening brief will not be considered when

raised for the first time in the reply brief); *cf. Snider v. Town of Platteville,* 75 Colo. 589, 227 P. 548 (1924)(ordinarily, points raised for the first time in a reply brief will not be considered unless argument is made in response to the answer brief). Therefore, we conclude that the record before us consists solely of the hearing officer's formal findings and recommendations. *See Adams County Sch. Dist. No. 50 v. Heimer, supra.*

## II. Dismissal

We reject Cornish's arguments that the Board improperly dismissed her based on issues related to copyright infringement, a standards-based math curriculum, and her teaching certification.

### A. Lesson Plans

■ At the outset, we note that the Board points out that Cornish does not challenge the hearing officer's conclusion that she was insubordinate when she failed to supply lesson plans. We agree termination may be upheld on this basis alone.

■ Insubordination is the willful or intentional refusal to obey a reasonable order of a lawful superior on a particular occasion. *Bd. of Educ. v. Flaming, supra,* 938 P.2d at 158.

■ Even a single instance of a teacher's refusal to follow a prior directive can amount to insubordination justifying dismissal under § 22–63–301. *See Ware v. Morgan County Sch. Dist. No. RE-3,* 748 P.2d 1295, 1300 (Colo.1988)(under § 22–63–116 of the Teacher Tenure Act, insubordination includes even a particular instance of willful disobedience of a reasonable order); *see also Bd. of Educ. v. Flaming, supra,* 938 P.2d at 158 (citing with approval insubordination standard articulated in *Ware v. Morgan County Sch. Dist. No. RE-3, supra* ); *Adams County Sch. Dist. No. 50 v. Heimer, supra,* 919 P.2d at 794 (noting similarities between the Act and the Teacher Tenure Act and concluding that standard of review under Teacher Tenure Act remains viable under the Act).

Here, the hearing officer concluded Cornish did not comply with the principal's request that Cornish provide her with lesson plans. The hearing officer noted that Cornish had the ability to comply with the request, but that the lesson plans she provided to the principal for review were not well organized despite the principal having given Cornish several formats for lesson plans. He found that in light of Cornish's refusal to teach the TJHS math curriculum, the principal's request for lesson plans was reasonable and that the information Cornish supplied was designed to confuse rather than illuminate. He determined that Cornish's technical compliance with the request was tantamount to a refusal. Finally, he noted the perils of insubordination in the school environment by stating, "It would be virtually impossible to productively conduct any endeavor if those implementing the actions would not only challenge, but actively resist, every decision on the grounds that in their opinion that decision was not the best."

Cornish challenges the hearing officer's findings of fact related to her lesson plans for the first time in her reply brief; therefore, we will not consider her contentions. *See People v. Czemerynski, supra.* Accordingly, we conclude that the hearing officer's findings clearly support the Board's ultimate conclusion that Cornish was insubordinate. Thus, that finding alone is a sufficient basis for affirming the Board's decision. *See Feldewerth v. Joint Sch. Dist. 28-J,* 3 P.3d 467 (Colo.App.1999)(noting a teacher may be dismissed for any one of the grounds in § 22–63–301).

Therefore, the Board's decision to terminate Cornish for insubordination for failing to provide lesson plans was not arbitrary, capricious, or legally impermissible.

### B. Copyright Infringement

■ Cornish contends that she was not insubordinate and did not neglect her duties when she refused to distribute the textbooks because she would have violated federal copyright laws in making photocopies to supplement the outdated books. We decline to address this contention.

Cornish raises this issue for the first time on appeal. Because it was never presented to or ruled upon by the hearing officer, we

will not address it. *See Goodwill Indus. v. Indus. Claim Appeals Office*, 862 P.2d 1042, 1045 (Colo.App.1993)(issues not raised before a hearing officer are not preserved for appellate review).

### C. Standards–Based Math Curriculum

■ Cornish argues that she did not neglect her duties by failing to teach a math curriculum that, in her view, violated the state mandated standards. We disagree.

■ Neglect of duty occurs when a teacher fails to carry out his or her obligations and responsibilities in connection with classroom and other school sponsored activities. *Bd. of Educ. v. Flaming, supra*, 938 P.2d at 159.

Here, the hearing officer found that Cornish adamantly refused to teach the math curriculum adopted by TJHS and that her insubordination in this area was "remarkable and extraordinary." He noted that there was ample testimony that the adoption of the TJHS curriculum was a considered decision. Additionally, he found that there was competent testimony that the textbooks approved by TJHS were standards-based with some supplementation. Indeed, after Cornish expressed her opinion that the textbooks were outdated, the TJHS administration reviewed the books and again concluded that they adequately covered the standards. Even Cornish admitted that she could have provided standards-based instruction using the textbooks with some supplementation.

The hearing officer found that because of Cornish's failure to follow the curriculum, her students did not receive complete and proper instruction in mathematics. He also determined that she failed to fulfill her classroom duties and obligations. These failures amounted to neglect of duty. Thus, we conclude that the Board did not err when it dismissed Cornish on this basis.

### D. Teaching Certification

■ Cornish next contends that she did not neglect her duties when she allowed her teaching certificate to lapse and that the loss of her certification did not amount to other good and just cause for dismissal. We disagree.

In interpreting a similar provision in the Teacher Tenure Act, the supreme court noted, "Nothing in the statutes suggests that expiration of a teacher's certificate held by a person employed as a tenure teacher automatically results in loss of right to employment." *Frey v. Adams County Sch. Dist. No. 14*, 804 P.2d 851, 854 (Colo.1991). However, the court concluded that the term "other good and just cause" was sufficiently broad to encompass issues surrounding the expiration of a teacher's certificate. *Frey v. Adams County Sch. Dist. No. 14, supra*, 804 P.2d at 855.

Here, TJHS placed Cornish on administrative leave from November 2, 2000, to January 23, 2001, because of her failure to implement the math curriculum. Her license lapsed on November 18, 2000. The hearing officer found that: (1) Cornish knew she did not hold a valid teacher's license when she returned from administrative leave; (2) she failed to inform the TJHS administration that her license had not been renewed; (3) she continued to teach classes without a current license; (4) she had not taken steps to renew her license; and (5) she knowingly concealed the fact that she did not have a valid license. The hearing officer concluded that by allowing her license to lapse, Cornish jeopardized her ability to teach and conduct classes and that this further demonstrated her failure to carry out her teaching duties. Finally, he determined that her failure to notify the TJHS administration that she did not hold a valid teacher's license satisfied the additional inquiry into surrounding circumstances required by *Frey, supra*.

These facts sufficiently demonstrated "other good and just cause" for dismissal. Thus, we conclude that the Board did not err when it dismissed Cornish on this basis.

### III. Other Issues Raised on Appeal

■ To the extent that Cornish raises additional issues, such as her contention that the principal's directives violated her First Amendment rights and the Denver Classroom Teachers Association (DCTA) agreement, again, we decline to consider issues not raised before the hearing officer and raised

for the first time on appeal in a reply brief. *See People v. Czemerynski, supra.*

### IV. Board's Request for Attorney Fees

The Board contends that we should award it attorney fees pursuant to § 22–63–302(10)(e), C.R.S.2001. We agree.

### A. Standard for Award of Attorney fees

■ As relevant here, § 22–63–302(10)(e) provides:

> [I]f the board's decision to dismiss the teacher is affirmed by the court of appeals, the court of appeals shall determine whether the nonprevailing party's appeal or defense on appeal lacked *substantial justification*. If the court of appeals determines that the nonprevailing party's appeal or defense on appeal lacked *substantial justification*, the court of appeals shall determine the amount of and enter a judgment against the nonprevailing party for reasonable attorney fees and costs incurred on appeal to the court of appeals.

(Emphasis added.)

Because no reported Colorado appellate decision has interpreted the phrase "lacked substantial justification" in this context, we must look elsewhere for the meaning of that term. *See Southard v. Miles,* 714 P.2d 891, 898 (Colo.1986)(defining the phrase "mental incompetent" in medical malpractice statute according to definition in statute governing the care and treatment of the mentally ill); *cf. Bertrand v. Bd. of County Comm'rs,* 872 P.2d 223, 228 (Colo.1994)(the interpretation of terms in one statute by reference to the terms used in an unrelated statute and in a different context is an unreliable means of ascertaining legislative intent).

■ Section 13–17–102(2), C.R.S.2001, provides for an award of attorney fees against an attorney or party who asserts a claim or defense that "lacked substantial justification." In that context, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious. Section 13–17–102(4), C.R.S.2001. A claim or defense is frivolous if the proponent can present no rational argument based on the evidence or the law to support it. *W. United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984); *E–470 Pub. Highway Auth. v. Jagow,* 30 P.3d 798 (Colo.App.2001).

We conclude that the meaning of "lacked substantial justification" in § 13–17–102(2) and (4) should apply here. Both § 13–17–102 and § 22–63–302(10)(e) address the standard for awarding attorney fees to a prevailing party. Further, applying the definition from § 13–17–102 here assists in developing a uniform interpretation of this statutory standard for awarding attorney fees in Colorado. Therefore, we adopt the "lacked substantial justification" definition from § 13–17–102(4) and cases interpreting this provision here.

### B. Grounds for Award of Attorney fees

■ For three reasons, we conclude that Cornish's appeal lacks substantial justification.

First, the hearing officer found multiple grounds for dismissal, any one of which alone could allow us to affirm the Board's decision. Because Cornish did not challenge the hearing officer's finding and the Board's decision that her failure to provide lesson plans was insubordinate, we conclude that her appeal, as a whole, lacked any rational argument, based on the evidence or the law, for reversing her dismissal.

Second, because Cornish advanced her copyright infringement, First Amendment, and DCTA agreement arguments for the first time on appeal, we could not consider them, and thus, she lacked any legal basis for raising these issues on appeal. *See Artes–Roy v. City of Aspen,* 856 P.2d 823, 828 (Colo.1993)(attorney fees awarded pursuant to C.A.R. 38 for, inter alia, raising issues for the first time on appeal).

Third, we conclude that there was no substantial justification for Cornish's argument that the hearing officer erred in determining that she neglected her duties or was insubordinate by not teaching a standards-based math curriculum. As noted, Cornish did not cite either the appropriate statutory standard of review for cases brought under the Act or that standard as discussed in *Adams*

*County School District No. 50 v. Heimer, supra.* Nor did she challenge the sufficiency of the evidence in her opening brief. Therefore, our review of the record was limited to the hearing officer's findings of fact and recommendations.

Based on the record before us, her argument lacks any support in the evidence or the law because the hearing officer expressly determined that the approved textbooks, with some supplementation, provided standards-based instruction. Indeed, Cornish admitted she could provide standards-based instruction by using the recommended pre-algebra textbook and the traditional curriculum adopted by TJHS. Given these factual findings, there was no justifiable legal basis to contest the hearing officer's conclusion that Cornish's refusal to distribute the recommended textbooks constituted neglect of duty or insubordination.

Therefore, under § 22–63–302(10)(e), we conclude that the Board is entitled to reasonable attorney fees and costs incurred as a result of this appeal. The Board is instructed to submit to this court, within thirty days of the date that this decision is announced, a request for attorney fees and costs, including any supporting documentation or affidavits. Cornish shall have fifteen days to respond to the Board's request. The Board shall have ten days to reply.

The order of the Board is affirmed.

Judge MARQUEZ and Judge VOGT concur.