## No. 26228

**Molly T. Meyer and John C. Meyer v. Henry Putnam, County Clerk of Boulder County; and Betty Chronic, Assistant County Clerk of Boulder County, State of Colorado**
(526 P.2d 139)

Decided September 9, 1974.

William M. Cohen, for plaintiffs-respondents.

John P. Moore, Attorney General, John E. Bush, Deputy, Jack E. Hanthorn, Assistant, Joseph C. French, County Attorney, William C. Wise, Assistant District Attorney, for defendants-petitioners.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an appeal by the county clerk of Boulder County from a judgment of the district court which ordered him to place appellees John C. and Molly T. Meyer on the register of qualified electors.

## I.

On October 1, 1973, Molly T. and John C. Meyer attempted to register to vote in Boulder County. Although they were otherwise legally qualified, appellant county clerk refused to place the Meyers' names on the register because they would not reveal their social security numbers as required by law. Colo. Sess. Laws 1973, ch. 169, 49-4-16 (12) at 606; Colo. Sess. Laws 1973, ch. 167, 49-4-16(7) at 575.

Thereafter, the Meyers instituted an action in district court requesting that a permanent injunction issue to restrain the clerk from enforcing the social security number requirement. At the evidentiary hearing on the injunction, the principle arguments were as follows: (1) that the statute was directory and not mandatory and therefore could not be the basis for the denial of the right to vote; (2) that social security requirement was an unconstitutional invasion of privacy; (3) that the registration scheme denied the equal protection of the laws. The district court answered the first two questions in the negative, but held the statutory scheme unconstitutional as violative of equal protection. This appeal was then brought.

In our view, the district court was correct in holding that the Meyers should be placed on the electoral register, albeit for the wrong reason. Though the statutory scheme involved here could arguably result in a denial of equal protection,

such a finding must rest on a preliminary holding that the statute was mandatory and not directory. We hold that it is only directory and cannot therefore be the basis of a denial of the right to vote. We therefore affirm the judgment of the district court which held that the Meyers should be permitted to register.

## II.

The issue here arose herein because the county clerk so construed the statutes as to give him authority to refuse to register persons who do not furnish their social security numbers. We find no such authority or language in the statute. Such construction necessarily involves the provisions of the constitution wherein, by Colo. Const. Art. VII, Sec. 11, the legislature is required to pass laws to secure the purity of elections. It is this mandate which the legislature has met by enacting the laws of this state which are designed to prevent voter fraud. C.R.S. 1963, 49-1-1 *et seq.* and amendments thereto.

The question is not whether the furnishing of a social security number may be treated as a qualification to vote — for it surely may not — but whether the requirement is directory or mandatory. If directory only, the Meyers must be registered and permitted to vote. *People ex rel. Johnson v. Earl,* 42 Colo. 238, 94 P. 294 (1908).

In deciding this issue, we are guided by the fundamental principles of statutory construction. First, we are obliged to follow the rule that, where two constructions are possible, one constitutional, the other unconstitutional, we must choose that which renders the statute constitutional. *Duprey v. Anderson,* 184 Colo. 70, 518 P.2d 807 (1974). Second, both by constitutional design and legislative dictate, we must construe the election and suffrage statutes in a manner which results in the registration of all legally qualified voters. *Kellogg v. Hickman,* 12 Colo. 256, 21 P. 325 (1888); C.R.S. 1963, 49-1-3. Finally, and more specifically, the decision of this court in *People ex rel. Johnson v. Earl,* supra, obtains in a case such as this:

"The rule is well established that those requirements of a

statute which are mandatory must be strictly construed, while those requirements which are directory should receive a liberal construction to the accomplishment of the intent and purpose of the law. *Those requirements are mandatory which affect the results or merits of the election. * * *"* (Emphasis added.)

### III.

■ The touchstone issue is whether the requirement of giving a social security number is mandatory. There is no evidence to support such argument. There are other means to prevent voter fraud. *See Duprey v. Anderson, supra.*

Were that not enough, the legislative intent as we see it does not authorize refusal of registration simply because the social security requirement remains unsatisfied. Other concurrent amendments make it clear that the legislature intended the furnishing of a social security number to be directory only. By Colo. Sess. Laws 1973, ch. 167, 49-4-2(5), at 574, the legislature has imposed the duty on the county clerk to register any qualified elector who shall appear in person in his office. Though the clerk must challenge those whose residency is in doubt, *id.,* 49-13-4 at 588, there is no method for verification or challenge of the social security number submitted by a registrant. Finally, the legislature has provided unequivocally that all those registered to vote prior to the effective date of the act shall not be denied the right to vote, notwithstanding that they do not furnish their social security numbers. Colo. Sess. Laws 1973, ch. 169, 49-12-5 (4), at 606, allows the voter to provide the social security number at his will at a later date.

These factors indicate a clear legislative intent that the obtaining of social security numbers from the vast majority of the voters is only directory. To treat the statute as mandatory so as to deprive those who attempt to register after July 1st would provide an unequal application of the statute and an inconsistency not warranted by any express language in the enactment.

The judgment of the district court directing the registration of these otherwise qualified electors is therefore affirmed.