### ADAMS COUNTY SCHOOL DISTRICT NO. 50, Petitioner,

v.

### Jan HEIMER, Respondent.

#### No. 94SC706.

Supreme Court of Colorado, En Banc.

June 17, 1996.

Semple & Jackson, P.C., Martin Semple and Patrick B. Mooney, Denver, for Petitioner.

Colorado Education Association, Martha R. Houser, Gregory J. Lawler, Sharyn E. Dreyer, Cathy L. Cooper, Bradley C. Bartels, Aurora, William J. Maikovich, Aurora, for Respondent.

Colorado Association of School Boards, Lauren B. Kingsbery, for Amicus Curiae Colorado Association of School Boards.

Justice KOURLIS delivered the Opinion of the Court.

We granted certiorari to review *Heimer v. Board of Education, Adams County–Westminster School District 50,* 895 P.2d 152 (Colo.App.1994), in which the court of appeals reversed the decision of the Board of Education of the Adams County–Westminster School District (the Board) to dismiss Jan Heimer from her position as a· nonprobationary teacher pursuant to the Teacher Employment, Compensation, and Dismissal Act of 1990, §§ 22–63–101 to –403, 9 C.R.S. (1995). We reverse the judgment of the court of appeals and remand the case with directions to review the Board's decision to determine if it was arbitrary, capricious, or legally impermissible.

## I.

On December 7, 1992, the Superintendent of the Adams County–Westminster School District filed written charges against Heimer with the Board recommending that Heimer be dismissed for incompetency, neglect of duty, unsatisfactory performance, insubordination or other good and just cause.[1] Pursuant to section 22–63–302(3), 9 C.R.S. (1995), Heimer requested an evidentiary hearing before an impartial hearing officer. After a nine day hearing, the hearing officer entered findings of fact establishing two grounds for dismissal: insubordination and neglect of duty. Despite these findings, the hearing officer recommended retention of the teacher. In the recommendation, the hearing officer explained that "[t]hese acts, when considered in the context of all of the reasons for which she was terminated, do not stand by themselves as cause for dismissal."

The Board reviewed the hearing officer's findings of fact and recommendation pursuant to section 22–63–302(9), 9 C.R.S. (1995), and entered an order dismissing Heimer for insubordination and neglect of duty. The Board incorporated certain of the hearing officer's findings in its Order of Dismissal to support its decision. The Board explained that its review of the totality of the evidence indicated that Heimer did have deficiencies in her teaching which should have been corrected and that Heimer did not improve after attempts at remediation.

The court of appeals undertook review of the Board's order under section 22–63–302(10)(c), 9 C.R.S. (1995), upon appeal by Heimer. The court of appeals determined that the statute directed it to proceed as follows:

> Under the new statute [1990 Act], we must then proceed to compare the conclusions (or ultimate facts) adopted by the board of education with the hearing officer's supported findings of fact. If the board's conclusions are not supported by such findings, the board's decision must be vacated.

1. The written charges alleged that Heimer had been deficient in: (1) classroom instruction; (2) long and short range planning; (3) classroom management; and (4) interpersonal relationships. The charges also alleged that Heimer failed to follow directives from her supervisors and school administrators.

If, on the other hand, both the conclusions of the hearing officer and those of the board are rationally supported by those findings, we will be required to compare and to balance the force of each body's conclusions.

*Heimer v. Board of Educ., Adams County–Westminster Sch. Dist. No. 50,* 895 P.2d 152, 159 (Colo.App.1994). In implementing this review procedure, the court defined the "record" for purposes of review to be the hearing officer's findings of fact. Ultimately, the court concluded that:

> [B]ecause the hearing officer determined that Heimer did, in fact, engage in certain acts of insubordination and neglect of duty, we cannot say that the board's decision is not legally supported by those findings or that no reasonable person could reach the conclusion that Heimer should be terminated. Hence, we cannot conclude that the board's ultimate determination must be vacated because it lacks any *legal* foundation.
>
> Our conclusion [is] that the hearing officer's recommendation finds more support in the record than does the board's decision. . . .

*Heimer,* 895 P.2d at 160 (emphasis in original). Because the court of appeals determined that the hearing officer's recommendation rather than the Board's decision had more support in the record, it reversed the Board's order dismissing Heimer from her position and ordered reinstatement.

This court granted certiorari to review:

(1) Whether the court of appeals erred in concluding that its review of the record is limited to the hearing officer's findings when a school board dismisses a teacher contrary to the hearing officer's recommendation and neither party asserts that those findings lack evidentiary support;

(2) Whether appellate review of respondent's employment dismissal requires deference to decisions made by a board of education;

(3) Whether an appellate court must review a school board's specific ground for dismissing a teacher after a hearing officer has recommended retention; [and]

(4) Whether the court of appeals erred in concluding that the hearing officer's recommendation has more support in the record than the contrary decision of the board of education.

■ We affirm the court of appeals' determination that the record consisted in this case of the hearing officer's findings since neither party challenged these findings. In addition, we recognize that boards of education have primary responsibility for hiring and firing teachers in their school districts. *Snyder v. Jefferson County Sch. Dist. R–1,* 842 P.2d 624, 681 (Colo.1992). Because we conclude that section 22–63–302(10)(c), 9 C.R.S. (1995), embraces this principle, we reverse and remand for additional review.

## II.

This is a teacher dismissal case: the first such case to reach this court since enactment of the Teacher Employment, Compensation, and Dismissal Act of 1990, sections 22–63–101 to –403 (1995) (hereinafter "1990 Act").[2] We are here called upon to evaluate the role assigned by the 1990 Act to the court of appeals in reviewing a decision made by a board of education to dismiss a teacher over the recommendation of a hearing officer that the teacher be retained.

The 1990 Act provides that a teacher who has been the subject of a chief administrative officer's recommendation of dismissal may request a hearing before an impartial hearing officer. § 22–63–302(3), 9 C.R.S. (1995). The hearing officer is charged by the statute with hearing evidence, reviewing exhibits, and making written findings of fact. § 22–63–302(8), 9 C.R.S. (1995). The hearing officer is to recommend to the board that the teacher either be retained or dismissed. *Id.*

The board must then review the hearing officer's findings of fact and recommendation and enter a written order. § 22–63–302(9), 9 C.R.S. (1995). If the board orders dismissal of the teacher over the hearing officer's recommendation of retention, the board is directed to arrive at a conclusion, giving its

2. In *Snyder v. Jefferson County School District,* 842 P.2d 624 (Colo.1992), we declined to apply the 1990 Act because the case had arisen prior to its passage.

reasons therefor, which reasons must be supported by the record. *Id.*

Under those circumstances, the teacher may seek recourse in the court of appeals. § 22–63–302(10), 9 C.R.S. (1995). Section 22–63–302(10)(c) provides as follows:

> (c) The action for review shall be based upon the record before the hearing officer. If the decision of the board to dismiss the teacher was in accordance with the recommendation of the hearing officer, the court of appeals shall review such record to determine whether the action of the board was arbitrary or capricious or was legally impermissible. If the decision of the board to dismiss the teacher was made over the hearing officer's recommendation of retention, the court of appeals shall either affirm the decision of the board or affirm the recommendation of the hearing officer, based upon the court's review of the record as a whole and the court's own judgment as to whether the board's decision or the hearing officer's recommendation has more support in the record as a whole.

Thus, when the court of appeals is reviewing a board's decision of dismissal that is consistent with the hearing officer's recommendation, the court is to determine whether the board action was arbitrary, capricious, or legally impermissible. We must determine here what standard the court is to use when reviewing a decision of the board that is contrary to a hearing officer's recommendation of retention.

### A.

■ Our primary task in construing statutes is to give effect to the intent of the legislature. *Snyder v. Jefferson County Sch. Dist. R–1*, 842 P.2d 624, 629 (Colo.1992). To do so, we first look to the statutory language and interpret statutory terms in accordance with their plain and obvious meaning. *Bertrand v. Board of County Comm'rs*, 872 P.2d 223, 228 (Colo.1994). Furthermore, when possible, statutes should be construed so as to avoid questions of their constitutional validity. *See People v. Thomas*, 867 P.2d 880, 883 (Colo.1994); *Perry Park Water & Sanitation Dist. v. Cordillera Corp.*, 818 P.2d 728, 732 (Colo.1991).

The issue here is whether or not the statute preserves and is consistent with the appropriate allocation of responsibilities among the hearing officer, the board, and the court of appeals. If the statute were read to usurp the role of the board, either by elevating the hearing officer's recommendation to an equal plane with the board decision or by requiring the court of appeals to decline to give deference to the board decision, then the constitutionality of the statute would be in doubt.[3]

In determining the legislative intent of the Act, a brief review of the precursors to the 1990 Act is initially instructive. The 1990 Act replaced the Teacher Employment, Dismissal, and Tenure Act of 1967, §§ 22–63–101 to –118, 9 C.R.S. (1988 & 1989 Supp.) (hereinafter "1967 Act"). Under the 1967 Act, a teacher could obtain review of board action pursuant to section 24–4–106(11), 10A C.R.S. (1988), of the State Administrative Procedure Act (hereinafter APA). § 22–63–117(11), 9 C.R.S. (1988). Section 24–4–106(11)(e) of the APA, in turn, directed the court of appeals to review board action in accordance with section 24–4–106(7), 10A C.R.S. (1988).[4] Essentially, section 24–4–

---

3. We have concerns about whether such a construction would cause an impermissible delegation of the school board's power to the hearing officer. *See Greeley Police Union v. City Council of Greeley*, 191 Colo. 419, 423, 553 P.2d 790, 792 (1976); *Nordstrom v. Hansford*, 164 Colo. 398, 401, 435 P.2d 397, 398 (1967). We also question whether such a construction might vest legislative authority in the court of appeals violative of separation of powers principles. *See Federal Radio Comm'n v. General Elec. Co.*, 281 U.S. 464, 469, 50 S.Ct. 389, 390–91, 74 L.Ed. 969 (1930); *Kort v. Hufnagel*, 729 P.2d 370, 373 (Colo.1986).

4. Section 24–4–106(7) provided:

> If the court finds no error, it shall affirm the [board's] action. If it finds that the [board's] action is *arbitrary or capricious, a denial of statutory right, contrary to constitutional right, power, privilege, or immunity, in excess of statutory jurisdiction, authority, purposes, or limitations, not in accord with the procedures or procedural limitations of this article or as otherwise required by law,* an abuse or clearly unwarranted exercise of discretion, based upon findings of fact that are clearly erroneous on the whole record, unsupported by substantial evidence when the record is considered as a whole, or otherwise contrary to law, then the court shall hold unlawful and set aside the

106(7), as applied, required the court of appeals to review board decisions dismissing a teacher utilizing an arbitrary, capricious, or legally impermissible standard of review. *See Snyder v. Jefferson County Sch. Dist.*, 842 P.2d 624, 629 n. 7 (Colo.1992); *Blaine v. Moffat County Sch. Dist. RE No. 1*, 748 P.2d 1280, 1292 (Colo.1988). The 1967 Act did not distinguish between review of the board's action on the basis of whether it did or did not concur with the hearing officer's recommendation. By directing the court of appeals to apply the arbitrary, capricious, or legally impermissible standard of judicial review in assessing all cases, the 1967 Act required the court to afford great deference to school board decisions dismissing teachers.

The General Assembly amended section 22–63–117(10), 9 C.R.S. (1988), in 1979. *See* ch. 202, sec. 3, § 22–63–117, 1979 Colo. Sess. Laws 800, 801. In *Blaine v. Moffat County School District RE No. 1*, 748 P.2d 1280, 1290 (Colo.1988), we held that this 1979 amendment to the 1967 Act essentially incorporated principles established by our prior decisions in *deKoevend v. Board of Education of West End School Dist. RE–2*, 688 P.2d 219 (Colo.1984), *Ricci v. Davis*, 627 P.2d 1111 (Colo.1981), and *Blair v. Lovett*, 196 Colo. 118, 582 P.2d 668 (1978). We determined that "findings of evidentiary fact are binding on the school board if adequately supported by the record, but that the school board may reject a finding of ultimate fact because it is the school board, not the hearing officer, that 'has the power to determine the statutory grounds for dismissal.' ... [T]he statutory sanction to be imposed on the teacher—that is, dismissal, retention, or one-year probation,—§ 22–63–117(10), 9 C.R.S. (1983 Supp.)—is for the school board, not the hearing officer, to decide." *Blaine*, 748 P.2d at 1290 (citation omitted). Thus, under the 1967 Act, the school board had the ultimate power to determine whether a teacher should be dismissed and courts were required to give deference to the board's decision. ·

■ Hence, the statutory and common law context within which we review the 1990 Act is replete with use of the deferential arbitrary, capricious, or legally impermissible standard in court review of school board dismissal decisions. The 1990 Act clearly embraces that standard for judicial review of board action dismissing a tenured teacher when such action is in accordance with the hearing officer's recommendation. § 22–63–302(10)(c). Thus, as in cases determined pursuant to the 1967 Act, as amended in 1979, a teacher whose dismissal was recommended by the hearing officer and ordered by the board is limited to arguing that the evidence adduced at the fact-finding hearing did not support the hearing officer's findings of fact or that the findings of fact, even if supported by the record, did not support a sanction of dismissal. *See Blaine*, 748 P.2d at 1294–95 (Lohr, J., concurring and dissenting).

The court of appeals in the case now before us held that when a school board orders the dismissal of a teacher even though a hearing officer has recommended the retention of the teacher, section 22–63–302(10)(c) requires the court of appeals to apply a wholly new standard. Specifically, the court concluded that it was first required to determine whether the board's order was supported by the hearing officer's findings of fact and to reject it if not so supported. *Heimer*, 895 P.2d at 159. This part of the process in effect requires the court of appeals to apply an arbitrary, capricious, or legally impermissible standard of review and is consistent with our prior decisions.

■ However, the court of appeals then held that when the hearing officer's findings can rationally support both the hearing officer's recommendation of retention and the board's determination of dismissal, section 22–63–302(10)(c) requires the court of ap-

---

[board's] action and shall restrain the enforcement of the order or rule under review, compel any [board] action to be taken which has been unlawfully withheld or unduly delayed, remand the case for further proceedings, and afford such other relief as may be appropriate.

In making the foregoing determinations, the court shall review the whole record or such portions thereof as may be cited by any party....

(Emphasis added.)

peals "to compare and to balance the force of each body's conclusions." *Id.* We do not so construe the statute.

## B.

We do agree that the final sentence of section 22–63–302(10)(c) requiring the court to affirm the recommendation of the hearing officer or the decision of the board based on a determination of which has more support in the record is confusing. *See supra* p. 790. The language can be read in a way that transforms the court of appeals into a super-board, weighing the hearing officer recommendation against the board decision and solomonically exercising its own judgment when making a final determination. Such an interpretation would seriously undermine the role of the elected school board. Alternatively, the language of section 22–63–302(10)(c) can be construed to direct the court of appeals to determine whether there was truly adequate support in the record for the board's decision thereby preserving the appropriate deference to the school board.

In light of the legislative history[5], and most particularly in light of the rich context of case law within which the Act must be analyzed, we conclude that the General Assembly did not intend to require the court of appeals to adopt the deferential arbitrary, capricious, or legally impermissible standard of review only in some teacher dismissal proceedings but not in others. *See State Eng'r v. Castle Meadows, Inc.*, 856 P.2d 496, 504 (Colo.1993) (stating when General Assembly adopts legislation, it is presumed to be cognizant of judicial precedent relating to subject matter under inquiry). Such construction would not only raise questions of internal inconsistency in the statute, but more importantly would raise constitutional difficulties.[6] In construing legislation we seek to avoid interpretations that invoke constitutional deficiencies. *Committee for Better Health Care for All Colo. Citizens v. Meyer*, 830 P.2d 884, 894 (Colo.1992). We conclude that the General Assembly intended the court of appeals to review the decision of a school board to dismiss a teacher in cases where the hearing officer has recommended retention of the teacher by the same arbitrary, capricious, or legally impermissible standard applicable to cases wherein a school board's determination to dismiss a teacher coincides with the hearing officer's recommendation.

We further find support for this construction of the statute in the General Assembly's choice of the phrase "own judgment." In *Public Utilities Commission v. Northwest Water Corp.*, 168 Colo. 154, 170, 451 P.2d 266, 271 (1969), we interpreted a statute requiring

---

5. Our review of the legislative history of House Bill 1159, the bill enacting the 1990 Act, has provided no information regarding the legislative intent in enacting § 22–63–302(10)(c). We do note that an early draft of House Bill 1159 contained the following language: "Neither the hearing officer's recommendation nor the decision of the board shall be entitled to greater weight before the court." H.B. 1159, 57th Gen. Assem., 2d. Sess., 1 *State of Colorado House Journal* 695 (1990). The deletion of this language from the final Act indicates some legislative intent to maintain deference to a board decision.

6. We further note that we have found no other jurisdiction that authorizes an appellate court to compare and balance the decision of a school board dismissing a teacher against the recommendation of a hearing officer. The majority of jurisdictions limit review of board of education decisions to dismiss a teacher to a determination of whether the board's action was arbitrary, capricious, or contrary to law. *See, e.g., Board of Educ. v. Lammle*, 122 Ariz. 522, 596 P.2d 48, 52

(App.1979); *Brinson v. School Dist.*, 223 Kan. 465, 576 P.2d 602, 606 (1978); *Rubin v. Lafayette Parish Sch. Bd.*, 649 So.2d 1003, 1011 (La. Ct.App.1994); *Thomas v. Mahan*, 886 S.W.2d 199, 202 (Mo.Ct.App.1994); *Yanzick v. School Dist. No. 23*, 196 Mont. 375, 641 P.2d 431, 438 (1982). In a minority of jurisdictions, state legislatures have provided for *de novo* judicial review of board of education decisions. *See, e.g., Linstad v. Sitka Sch. Dist.*, 863 P.2d 838, 841 (Alaska 1993); *Assad v. Berlin–Boylston Regional Sch. Comm.*, 406 Mass. 649, 550 N.E.2d 357, 359 (1990); *Cooper v. Williamson County Bd. of Educ.*, 746 S.W.2d 176, 180 (Tenn.1987), *cert. denied*, 500 U.S. 916, 111 S.Ct. 2013, 114 L.Ed.2d 100 (1991). Although the statutory schemes differ, in all of the de novo review jurisdictions, such review takes place before a trial court, not an appellate court. Furthermore, although some jurisdictions characterize their review procedure as de novo, the courts in fact limit their inquiry to whether the board acted contrary to law or abused its discretion. *See Dale v. Board of Educ.*, 316 N.W.2d 108, 111 (S.D.1982).

the court of appeals to "exercise independent judgment on the law and the facts" as not inconsistent with an abuse of discretion standard of review. Lastly, we note that the statute makes a distinction between a hearing officer "recommendation" and a board "decision." The use of these terms suggests clear deference to the board "decision."

We conclude that section 22–63–302(10)(c) simply acknowledges that the practical result of the court of appeals' exercise of judicial review authority will be a determination that the teacher will be retained as the hearing officer recommended, or that the teacher will be dismissed as the board decided based on the court of appeals' decision as to whether the board's decision is arbitrary, capricious, or legally impermissible. We decline to find that the language used in describing that result should cause us to assume that the General Assembly intended to upset two decades of legislative enactments and court interpretation.

So construed, section 22–63–302(10)(c) requires the court of appeals to determine in all cases governed by that statute whether the board's conduct in ordering dismissal of a teacher was arbitrary, capricious, or legally impermissible. We therefore reverse and remand to the court of appeals for review under that standard.

### III.

■ Because we anticipate that the issue will arise on remand, we next address issue one of our grant of certiorari and determine the scope of the record for purposes of the court of appeals' review of board action.[7] We agree with the court of appeals that the record is limited to the hearing officer's findings of fact and recommendation when neither party questions those findings.[8]

7. As discussed in part II *supra*, we apply the arbitrary, capricious, or legally impermissible standard of review to all board decisions ordering dismissal.

8. Neither party has contested the adequacy of the record or argued that it is insufficient under § 22–63–302, 9 C.R.S. (1995), due to the absence of the notice.

The statute, section 22–63–302, 9 C.R.S. (1995), makes various references to the record. In subsection (7)(d), the statute requires an audiotaped record to be made of the hearing before the hearing officer, which record is to be transcribed for review. Subsection (10)(c) provides that "[t]he action for review shall be based upon the record before the hearing officer." In addition, (10)(c) provides that review shall be based on the "record as a whole." Hence, it is clear that the entire record, consisting of the transcript of the hearing, the hearing officer's findings and recommendation, and the board's decision, will be before the court of appeals. The question here revolves around the scope of review that the court of appeals is required to undertake.

The references to the record for purposes of appellate review in the 1990 Act are similar to those in the 1967 Act. Section 22–63–117(11), 9 C.R.S. (1988), of the 1967 Act directed that appellate review "shall be on the record made before the administrative law judge and the board."[9] Because the statutory language in both acts is similar, case law interpreting the 1967 Act informs our determination.

The 1967 Act distinguished the hearing officer's duties from those of the board. Section 22–63–117(8), 9 C.R.S. (1988), of the statute required the hearing officer to "review the evidence and testimony and make written findings of fact thereon." To further the goal of providing a fair and impartial hearing, section 22–63–117(9), 9 C.R.S. (1988), required the board to "review the panel's findings of fact and recommendation" and then enter its own order. Although empowered to make its own findings of ultimate fact, the statute required the board to do so based solely on the hearing officer's findings of fact. *See also Blair v. Lovett*, 196 Colo. 118, 123, 582 P.2d 668, 671 (1978) (hold-

9. In addition, § 22–63–117(11) of the 1967 Act directed that the APA govern appellate review of board decisions. Under § 24–4–106(7), 10A C.R.S. (1988), of the APA, appellate courts were "to review the whole record or such portions thereof as may be cited by any party" to determine whether the board's action was among other things arbitrary, capricious, or legally impermissible. *See supra* p. 790 note 4.

ing that the hearing officer's findings of evidentiary fact are binding on the board).[10]

In *Ricci v. Davis,* 627 P.2d 1111 (Colo. 1981), we considered the question of the proper scope of the record for purposes of appellate review of board decisions under the 1967 Act. We held that a court could review the entire record to determine if the hearing officer's findings were supported by substantial evidence. *Ricci,* 627 P.2d at 1118 n. 5. However, once a court made this determination, it could not review the hearing record in search of a warrant for the board's findings. We concluded that courts, like the board, were ill-equipped to make factual findings based on a "cold record." *Id.* at 1119. The legislative intent of providing an impartial hearing for teachers would be undermined if a court were able to substitute its own findings of fact for those of a hearing officer. *Id.* Thus, in *Ricci,* we held that the record for purposes of judicial review of the board's conclusion (as distinguished from the hearing officer's findings) consisted solely of the hearing officer's formal findings of basic or evidentiary fact. *Id.*

Because of the similarity between the 1990 Act and the 1967 Act regarding the fact finding role of the hearing officer and the conclusive role of the board, our holding in *Ricci* remains viable law. Therefore, pursuant to section 22–63–302(10)(c), 9 C.R.S. (1995), of the 1990 Act, the court of appeals may review the entire record, including the hearing transcript and the hearing officer's findings and recommendation, in order to determine whether the hearing officer's findings were supported by substantial evidence.[11] If that issue is not raised, or if the court of appeals is satisfied that the record adequately supports the hearing officer's findings, then the focus of the court of appeals must shift to a determination of whether the board's decision is arbitrary, capricious, or legally impermissible in light of the hearing officer's findings of fact.

In this case, neither party contested the hearing officer's findings of fact, nor did they allege that there was any "irregularity or error made during the hearing before the hearing officer."[12] Heimer was challenging the board decision alone. Thus, based upon our prior case law and the language of the statute itself, the court of appeals must limit its review to the hearing officer's findings of fact and recommendation in assessing the board decision.

## IV.

In conclusion, we hold that the standard of appellate review in section 22–63–302(10)(c), 9 C.R.S. (1995), applicable to board decisions ordering dismissal despite a hearing officer's retention recommendation requires the court of appeals to determine whether the action of the board was arbitrary, capricious, or legally impermissible. Therefore, we remand the case to the court of appeals for review of the board's decision under the arbitrary, capricious or legally impermissible standard in section 22–63–302(10)(c).[13]

SCOTT, J., specially concurs in part and dissents in part.

Justice SCOTT, specially concurring in part and dissenting in part.

Under the statutory scheme of the Teacher Employment Compensation and Dismissal Act of 1990, §§ 22–63–101 to –405, 9 C.R.S.

---

**10.** We note that, in the 1990 Act, the board is directed to make its decision based solely upon the hearing officer's findings of fact and recommendation. West's C.R.S.A. § 22–63–302(9), 9 C.R.S. (1995). This requirement preserves the hearing officer's fact finding function and the board's function of reaching ultimate conclusions.

**11.** We note that the court of appeals need only undertake this review if one of the parties specifically alleges improprieties regarding the hearing officer's findings or the proceedings. The court of appeals may also consider the entire record to determine whether there were any irregularities or errors made during the hearing warranting a remand.

**12.** § 22–63–302(10)(d), 9 C.R.S. (1995).

**13.** In light of our resolution of issue number two of our grant of certiorari and our remand to the court of appeals to review the propriety of the Board's dismissal of Heimer under the arbitrary, capricious, or legally impermissible standard of review, we decline to reach issues three and four of our grant of certiorari. *See supra* p. 789.

(1995) (the "1990 Act"), the chief administrative officer may recommend the dismissal of a teacher on the grounds stated in section 22–63–301, which must be set forth in "a written notice of intent to dismiss." § 22–63–302(2), 9 C.R.S. (1995). If a teacher objects to the grounds given, the Board of Education may dismiss the teacher, but only after the "chief administrative officer [has met] the burden of proving that his recommendation for the dismissal of the teacher was for the reasons given in the notice of dismissal *and* that the dismissal was made in accordance with the provisions" of the 1990 Act. § 22–63–302(8) (emphasis added). A thorough examination of the record indicates that the notice of intent to dismiss (the "Notice") was not made a part of the record below. Because the Notice was not included in the record, the Board's action cannot be sustained as we are therefore unable to determine whether dismissal is on the grounds stated or in accordance with the 1990 Act. Thus, I agree that the judgment of the court of appeals should be reversed. However, I cannot join the majority opinion. I respectfully dissent to directions on remand that fail to require proceedings to supplement the record so as to permit a full and fair review.

Moreover, unlike the majority, because I find that the plain language of the last sentence of section 22–63–302(10)(c) violates the separation of powers doctrine of Article III of the Colorado Constitution, I would strike that sentence from the statute. I would do so because that sentence impermissibly grants the court of appeals the power to effect public policy as to teacher retention or dismissal decisions. The Colorado Constitution reposes such legislative authority in local school boards, which consist of politically accountable, elected officials and not independent judicial officers.

I

Our order granting certiorari included the following question: "Whether the court of appeals erred in concluding that its review of the record is limited to the hearing officer's findings...."[1] The majority states: "[w]e affirm the court of appeals' determination that the record consisted in this case of the hearing officer's findings since neither party challenged these findings." Maj. op. at 789. Nonetheless, an item key to the administrative proceedings is the Notice prepared by the chief administrative officer.[2] The parties have not questioned the absence of the Notice from the record before the court of appeals. Nevertheless, without the Notice, a full and fair review, as contemplated by the statute, cannot occur.

A

Before addressing the facts before us, a brief discussion of the teacher dismissal procedure may prove helpful. Under the 1990 Act, "a teacher *shall* [only] be dismissed in the manner prescribed by subsections (2) to (10)" of section 22–63–302, 9 C.R.S. (1995). § 22–63–302(1) (emphasis added). In accordance with those subsections, the chief administrative officer of the employing school district may initiate dismissal proceedings by recommending to the local school board that "the board dismiss a teacher based upon one or more of the grounds stated in section 22–63–301," and the teacher "shall be given a written notice of intent to dismiss." § 22–63–302(2).

---

1. While the parties have not raised before us questions as to timeliness of notice or whether the Notice was defective, I believe the question as to sufficiency of the record by the exclusion of the Notice is raised if not implicated by the first question upon which we granted certiorari.

2. A letter informing Heimer of the District Superintendent dismissal recommendation is attached to Heimer's Motion for Dismissal as exhibit A. The letter states that it "constitutes notice of intent to dismiss as required by Section 22–63–302(2) C.R.S." and that "[a] copy of the Superintendent's letter containing the recommendation and reasons for dismissal and a copy of § 22–63–302 C.R.S. are attached ... as required by statute." Additionally, the letter states that copies of all exhibits that the School District intends to submit and a list of witnesses are included. However, a complete copy of the statutory Notice, including exhibits and a list of witnesses, is not a part of the record. I have no reason to believe that the Notice required by § 22–63–302(2) was not met; however, without the Notice, including the items mandated by § 22–63–302(2), the record has irregularities and is not complete.

The Notice "shall include a copy of the reasons for dismissal." *Id.* If the teacher objects, a hearing "shall be conducted before an impartial hearing officer." § 22–63–302(4).

The Notice initiates the teacher dismissal process. *See* § 22–63–302(2). Section 22–63–302(8) states in relevant part: "The chief administrative officer shall have the burden of proving that his recommendation for the dismissal of the teacher was for the reasons given in the notice of dismissal and that the dismissal was made in accordance with the provisions of this article." Because the chief administrative officer's action is, in fact, a decision which may result in termination based on the grounds *given* for the dismissal, *see* § 22–63–302(3), it is the Notice that is reviewed by the hearing officer, *see* § 22–63–302(3) & (4).

Under the 1990 Act's explicit provisions, the Notice frames the hearing officer's recommendation made to the Board, *see* § 22–63–302(2), and limits a teacher's objection and right of appeal. What the majority does not address, but remains substantially important, is the fact that the "chief administrative officer shall have the burden of proving that his recommendation for the dismissal ... was for the reasons given in the notice ...." § 22–63–302(8).

The Board, then, must "review the hearing officer's findings of fact and recommendation, and ... shall enter its written order," taking one of three actions: dismissal, retention, or probation. § 22–63–302(9). If, as here, the Board "dismisses the teacher over the hearing officer's recommendation of retention, the board shall make a conclusion, giving its reasons therefor, which must be supported by the record...." *Id.*

Here, and presumably before the court of appeals, the record does not include the Notice as defined in section 22–63–302(2). If the chief administrative officer fails to carry the statutory burden, or if the Board does not act in conformance with the Notice, the dismissal process must be terminated. Thus, critical to appellate review of the Board's dismissal action is whether the chief administrative officer has carried that statutory burden and whether the reasons for dismissal stated in the Notice are consistent with the Board's written order as contemplated by section 22–63–302(9). Review of the Notice is the only means of determining this. When, as here, the Notice is not in the record, an "irregularity" exists and a reviewing court cannot determine whether the chief administrative officer has met the statutory burden nor whether the Board's written order sets forth a basis for dismissal consistent with the Notice. Hence, in my view, the action of the Board cannot be upheld on this record.

**B**

We granted certiorari to decide "[w]hether the court of appeals erred in concluding that its review of the record is limited to the hearing officer's findings when a school board dismisses a teacher contrary to the hearing officer's recommendations and neither party asserts that those findings lack evidentiary support." Thus, the proper question to be asked is whether on appeal a reviewing court need only review the findings of the ALJ. Our order granting certiorari raises the right question; however, the majority reaches the wrong conclusion.

The majority reasons that because the findings are not in dispute, the Board's decision can be upheld even if its decision is not in accordance with the Notice, as mandated by section 22–63–302(8). Such a result is occasioned by the majority's willingness to ignore the clear command of sections 22–63–302(2), 22–63–302(8), and 22–63–302(10)(d).

The majority's holding, which does not address section 22–63–302(10)(d), may be misread to conclude that an appellate court may not *sua sponte* address the insufficiency of the record. Thus, what parties and attorneys learn today is that they proceed at their own peril if they do not challenge the hearing officer's findings of fact or the adequacy of the record.

**II**

In the instant case, the hearing officer entered findings of fact establishing two grounds for dismissal: insubordination and neglect of duty. Maj. op. at 788. Any one of

these offenses may result in discharge under section 22–63–301, 9 C.R.S. (1995), of the 1990 Act. Despite the hearing officer's recommendation that matters could be corrected by less drastic means than termination, the Board ordered that Heimer be dismissed. Maj. op. at 788–89. Pursuant to section 22–63–302(10), Heimer appealed the Board's decision. The majority incorrectly presumes that the hearing officer's decision forms a basis for this appeal. While understandable, based on the issues before us on grant of certiorari, such an approach leads to the majority's rationale. To the contrary, however, it's the Board's action as opposed to the hearing officer's recommendation that is on review.

### III

Construing section 22–63–302(10)(c), the court of appeals held that the 1990 Act allows a court to supplant a local board's decision to discharge the employee with its own judgment. I disagree.

### A

The decision to retain or dismiss a public school teacher effects a public policy determination properly reposed in the politically accountable representatives of the people, the local board of education. However, under the 1990 Act, the General Assembly removes a policymaking decision from its proper domain, the local board of education, and misplaces the power in a branch of government that is intended to remain independent, the judiciary. As the majority admits, the final sentence of section 22–63–302(10)(c) "simply acknowledges that the practical result of the court of appeals' exercise of judicial review authority will be a determination that the teacher will be retained as the hearing officer recommended, or that the teacher will be dismissed as the board decided...." Maj. op. at 793.

The court's authority to make teacher retention or dismissal decisions spites article IX, section 15 of the Colorado Constitution, which states:

**Section 15. School districts—board of education.** The general assembly shall, by law, provide for organization of school districts of convenient size, in each of which shall be established a board of education, to consist of three or more directors to be elected by the qualified electors of the district. *Said directors shall have control of instruction in the public schools of their respective districts.*

(Emphasis added.) Nevertheless, section 22–63–302(10)(c) states:

The action for review shall be based upon the record before the hearing officer. If the decision of the board to dismiss the teacher was in accordance with the recommendation of the hearing officer, the court of appeals shall review such record to determine whether the action of the board was arbitrary or capricious or was legally impermissible. *If the decision of the board to dismiss the teacher was made over the hearing officer's recommendation of retention, the court of appeals shall either affirm the decision of the board or affirm the recommendation of the hearing officer, based upon the court's review of the record as a whole and the court's own judgment as to whether the board's decision or the hearing officer's recommendation has more support in the record as a whole.*

(Emphasis added.) The last sentence of section 22–63–302(10)(c) effectively grants the court of appeals the power to retain or discharge a teacher; therefore, the statute impermissibly conflicts with the constitutional provision to which it must be subservient. *Sanders v. District Court,* 166 Colo. 455, 459, 444 P.2d 645, 647–48 (1968) (noting that the "constitutionally granted power to the General Assembly to thus establish inferior courts and judicial officers is subject to certain limitations which are themselves embedded in the Colorado Constitution"); *People ex rel. Griffith v. Scott,* 52 Colo. 59, 64–65, 120 P. 126, 128 (1911) (under article VI, section 1, "the general assembly is authorized to create a court of review, and as there is no express constitutional limitation of the jurisdiction that may be conferred upon such a court thus created, if the act is unconstitutional it must be because the jurisdiction sought to be conferred is by implication [or expressly] prohibited in some degree by other constitutional

provisions") (citation omitted); *see also Mobile Oil Corp. v. Federal Power Comm'n,* 417 U.S. 283, 311 & 311 n. 45, 94 S.Ct. 2328, 2347 & 2347 n. 45, 41 L.Ed.2d 72 (1974) (recognizing a court's equity or judicial authority as distinguished from the exercise of legislative authority by a non-Article III court under statutory grant where there is no conflicting Constitutional provision).

The court of appeals, established "pursuant to section 1 of article VI of the state constitution," § 13–4–101, 6A C.R.S. (1995 Supp.), is invested with judicial power only. *See People v. Pate,* 878 P.2d 685, 693 (Colo. 1994). Thus, it does not have authority to make public policy determinations, and it can neither exercise legislative nor executive powers. *See Federal Radio Comm'n. v. General Electric Co.,* 281 U.S. 464, 469, 50 S.Ct. 389, 390–91, 74 L.Ed. 969 (1930) (the court of appeals "cannot be invested with jurisdiction of ... [legislative courts], whether for purposes of review or otherwise. It was brought into being by the judiciary article of the Constitution, is invested with judicial power only ... it [cannot] exercise or participate in the exercise of functions which are essentially legislative or administrative.") (citations omitted).

The "historical development of public education in Colorado has been centered on the philosophy of local control." *Lujan v. Colorado State Bd. of Educ.,* 649 P.2d 1005, 1021 (Colo.1982) (citations omitted). Nonetheless, the plain language of section 22–63–302(10)(c) requires the court of appeals to determine whether a teacher should be dismissed or retained. *See* maj. op. at 793. Rather than review the propriety of the Board's decision, the court of appeals is asked to make a policy decision, choosing between the order of the Board, a properly elected representative of the people, and the recommendation of the hearing officer. *Id.* This result improperly places the ultimate policy making power in

the judiciary, a function more properly reserved to the political branches of government. That is, the statute directs the court of appeals to "either affirm the decision of the board or ... the recommendation of the hearing officer, based upon ... the court's own judgment as to [which] ... has more support in the record as a whole." § 22–63–302(10)(c). As a result, the last sentence of section 22–63–302(10)(c) delegates legislative authority to the court of appeals and metamorphosizes the court of appeals into a super board of education or ultimate arbitrator with the authority to substitute its "own judgment" for that of the Board and ultimately to control instruction in the public schools.

In an effort to overcome Heimer's constitutional challenge, the majority suggests that "own judgment" lacks explicit definition, and that the arbitrary or capricious standard provides sufficient restraint for any court of appeals' decision as to teacher retention or dismissal. *See* maj. op. at 791–92. I disagree. Neither conclusion negates this unique statutory standard that gives the court of appeals, in fact, the nonjudicial ability to exercise its "own judgment,"[3] as to teacher retention or dismissal: choosing between two policy alternatives, that of the Board or hearing officer. Even if the majority's reading of the last sentence of section 22–63–302(10)(c) were valid, the result creates a legislative permit that allows the court of appeals to wield authority that our constitution properly reposes in local school boards.

### B

Article III of the Colorado Constitution states:

#### Distribution of Powers[4]

The powers of the government of this state are divided into three distinct depart-

---

**3.** Because the phrase "own judgment" is not defined in this statute, I find the provision deficient. The majority's effort to cabin its unknown contours through statutory construction may prove successful today, but in the future ill-advised.

**4.** The Colorado Constitution does not speak of the separation of powers doctrine; rather, our constitution references the allocation of authority between Colorado's branches of government as the "Distribution of Powers." Nonetheless, in light of popular usage, I will refer to the principal set forth in Art. III as the separation of powers doctrine.

ments,——the legislative, executive and judicial;and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any power properly belonging to either of the others, except as in this constitution expressly directed or permitted.

The improper transfer of power from the Board to the court of appeals effects a violation of the distribution of powers doctrine. Courts do not have authority to exercise executive or legislative powers. See *General Electric Co.*, 281 U.S. at 469, 50 S.Ct. at 390–91; *Kort v. Hufnagel*, 729 P.2d 370, 373 (Colo.1986). The decision to retain or terminate a public school teacher is not a judicial power and therefore is not one that the courts have the ability nor expertise to exercise. A statute that grants a court the power to use its "own judgment," in choosing between two decisions that the record supports, empowers the court to resolve political or public policy matters and thus makes the court the ultimate political actor——the antitheses of how court judgments should be exercised. Unlike arbitrators in the political branches, courts are called upon to make rulings that will have as their genesis a recognized legal principle and provide a product that reflects reasoning that is intellectually coherent and politically neutral. Legal reasoning should bind the court of appeals' judgments and not the ability to exercise nonjudicial power. I cannot subscribe, in effect, to authority that violates the distribution of powers provisions of Article III of our state constitution.

## IV

In sum, I agree the court of appeals cannot be affirmed. However, whether on remand or otherwise, Jan Heimer, a teacher with twenty-five years of service, cannot be dismissed by the Board as long as the reviewing court "finds any irregularity" in the record. Here, the record did not include the statutorily required Notice; hence, dismissal cannot be carried out in accordance with the 1990 Act. In addition, section 22–63–302(10)(c), 9 C.R.S. (1995), violates the separation of powers doctrine of the Colorado Constitution.

Accordingly, because boards of education and neither hearing officers nor judicial officers have primary responsibility for teacher hiring, retention, and dismissal in their school districts, the court of appeals cannot be affirmed. Nonetheless, the Board's actions cannot be upheld unless on review it can be determined that the Board's conclusions are consistent with the notice of intent to dismiss.